100 So.2d 914 (1958)
Desire TRAHAN
v.
LOUISIANA STATE RICE MILLING COMPANY et al.
No. 4546.
Court of Appeal of Louisiana, First Circuit.
February 3, 1958.
Rehearing Denied March 17, 1958.
*915 Voorhies & Labbe, Lafayette, for appellant.
Dodd, Hirsch & Barker Baton Rouge, for appellees.
LOTTINGER, Judge.
This is a suit for workmen's compensation wherein petitioner, Desire Trahan, seeks benefits at the rate of $25.88 per week for a period not to exceed 400 weeks for total and permanent disability. The defendants are Louisiana State Rice Milling Company, Inc., and its compensation insurer, American Mutual Liability Insurance Company. The Lower Court awarded judgment for total and permanent disability, and the defendants have appealed.
The record shows that at the time of the injury petitioner was employed by Louisiana State Rice Milling Company, which is engaged in the milling and sale of rice. He was working at the mill in Crowley, Louisiana. On June 14, 1955, while sewing bags of rice, the hand which was holding the needle slipped and petitioner's right eye was pierced by the needle. This ultimately resulted in the loss of the right eye without effect on the left eye and without any other complications.
The defendants filed answer admitting the accident, however, they claim that there is no permanent and total disability. Defendants claim that the petitioner should recover only for the loss of one eye, for which loss the Act, LSA-R.S. 23:1221, provides for benefits for a period of only 100 weeks.
The record shows that petitioner had been working at the milling company for a period of approximately eight years prior to the accident. He worked at various jobs in the mill and had been working in the mill room where all of the moving machinery and exposed belts are located during the season of his accident. At the time of the accident, petitioner's job was "sweeper and oiler", consisting of keeping the premises clean and oiling the various machinery as needed. It was necessary to oil the machinery approximately twice daily. At the time of the accident, however, he was sewing rice bags as aforesaid. Petitioner was listed on *916 the employment records as an unskilled worker, and worked only during the milling season which lasted some four or five months per year. There is no question as to his rate of pay.
The only question presented before us is whether or not petitioner is totally and permanently disabled under Louisiana Workmen's Compensation Act, LSA-R.S. 23:1021 et seq. Several doctors testified as to the injury and the medical condition of the petitioner. They were essentially in agreement to the fact that, as a result of the injury, a cataract formed on the right eye which was absorbed in due time. The healing process has been completed and the injured eye is without pathology other than that petitioner has lost most of the vision in his right eye. The left eye is normal, and the doctors agreed that petitioner is able to perform any type of manual labor which does not bring him into close proximity to moving machinery and belts.
The evidence shows that in oiling the machinery it was necessary for petitioner to oil bearings, which required him to come within a distance of approximately twelve inches from turning wheels and moving belts. The testimony and photographs introduced into evidence show that many of the machines to be oiled are located in close quarters, and that on some of them it is necessary that he climb ladders and walk on narrow, elevated walkways. There is also some evidence in the record to the effect that there is a great deal of dust present during the operation of the rice mill, and the doctors testified that the presence of a great amount of dust could have effect on petitioner's eye. Although petitioner's depth perception is somewhat limited at the present time, the medical testimony indicates that it will improve within the next few months. The medical testimony indicates that petitioner is now in the position of a perfectly normal man except for the lack of vision in his right eye. He has full vision in his good eye and up to 55 degrees towards the side of the lost eye.
The record shows that at the time of the accident petitioner was employed as a "sweeper and oiler". Although the job was classified as common labor, it appears that at least some degree of skill was required in the oiling of the machinery. The record clearly shows that in oiling this machinery on the average of about twice daily, petitioner came into contact with heavy machinery, and was required to come into close contact with turning wheels and belts. All of the doctors testified that such a job would be more hazardous for a one-eyed man because of his limited vision.
The defendants claim that there are many other unskilled jobs in the rice mill which the petitioner could have adequately performed in his present condition, and for which he would have received the same wages. However, the law does not require the injured or disabled party to perform a different type of job, the law provides for total and permanent disability if the injured party is unable to substantially perform work of the same reasonable character.
In Stieffel v. Valentine Sugars, Inc., 189 La. 1091, 179 So. 6, 15, the Supreme Court, in quoting from Pete v. Metropolitan Life Insurance Company, La.App., 171 So. 868, said:
"Total and permanent disability from performing any work for compensation or profit does not require that insured become absolutely helpless, but merely requires such disability as renders him unable to perform substantial and material part of his occupation in usual and customary way."
The record shows that the oiling of the machinery was the regular task of petitioner, and that such task was a material and substantial part of his employment at the time of the accident. Furthermore, the continuation of his task of oiling the machinery in his present handicapped condition renders his job substantially more hazardous than it was prior to the accident, and all of the doctors testified that they would *917 not encourage petitioner to work in such close proximity to moving machinery in his present condition.
Furthermore, in Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30, 32, the Court said:
"`* * * The test of total and permanent disability is whether the injured employee is capable of performing the work or the occupation in which he was engaged at the time of injury or whether he is able to do the kind of work he is trained to do or customarily does in the usual and customary way and without any serious impairment of his capacity to perform such work. * * *' Reeve v. Clement-Braswell Machine & Fabricating Works, La. App., 66 So.2d 387, 390. See, also, Fruge v. Pacific Employers Ins. Co., La.App., 71 So.2d 625; Id., 226 La. 530, 76 So.2d 719; Morgan v. American Bitumuls Co., 217 La. 968, 47 So.2d 739; Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695.
"A welder's helper is not as skilled as a welder, but his work is of a dangerous character, and he receives compensable wages. There is no doubt that plaintiff will never be able to resume the work of a welder's helperthe occupation he was engaged in at the time of his injury. If a welder's helper is not a skilled worker and his work can be classified as only one phase of common or manual labor, plaintiff is unableas shown by the evidenceto perform heavy manual labor."
Now we do not believe that the petitioner is presently capable of performing his job as "sweeper and oiler" without any serious impairment of his capacity to perform such work, as the law does not require him to perform such tasks under the increased hazards which have been brought about by the loss of one eye. It is our opinion that under the law the petitioner is totally and permanently disabled from performing his job or to do any work of reasonable character. We are, therefore, in accord with the decision of the Lower Court and find no error therein.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal are to be paid by defendants.
Judgment affirmed.