TATE, Judge.
By the present appeal the defendant employer and its insurer question the award of workmen’s compensation benefits to the plaintiff employee for total and permanent •disability and the assessment of penalties against them for the arbitrary non-payment of weekly compensation.
While at work on August 13, 1955, the end of a finger on plaintiff McGee’s left hand was crushed and had to be amputated.
Not denying the accident to the finger, the defendants attack the District Court’s findings (a) that a disabling arthritic condition now present in McGee’s wrist was caused or activated by his striking his wrist or hand against some adjacent concrete at the time his finger was crushed and (b) that such residual condition totally disables McGee from performing the duties of his occupation as a common laborer.
The medical specialists testifying concurred that the present wrist condition was disabling, that it could have been activated by a direct or indirect blow against the concrete at the time of the finger injury, and that such was the probable cause of its activation assuming a dormant state before the accident and no other trauma.
For instance, Dr. Irvin Cahen, orthopedic specialist testifying for defendant, found a restriction of flexion in the wrist, which was swollen, and was of the opinion that plaintiff suffered altogether a 30% loss of the hand’s function, primarily resulting from traumatic arthritis therein. While this doctor stated his positive belief that the arthritis pre-dated and could not have originated with the accident of August, 1955, he frankly admittted that an asymptomatic or painless arthritic condition could have been activated and made symptomatic by an accident such as that of which plaintiff complains.
As the District Court found, the virtually uncontradicted lay testimony indicates that plaintiff McGee never suffered' with this condition before the accident but commenced complaining of it shortly thereafter. McGee positively testified that he had sustained no other injury to the wrist, which testimony the trial court accepted as correct.
The District Court having accepted as correct the factual proof that the disabling condition did not pre-exist the accident and that it was not caused by subsequent trauma, we feel that the jurisprudence supports its determination that the presently disabling arthritic condition was caused or activated by the trauma and (even though it pre-existed the accident in a dormant state) is compensable. See, e. g., Talbot v. Trinity Universal Ins. Co., La.App., 1 Cir., 99 So.2d 811, certiorari denied, Hebert v. Hartford Acc. and Ind. Co., La.App. 1 Cir., 88 So.2d 243.
Defendants’ chief attack upon this finding of the causal connection between the present arthritic condition and the 1955 accident is its factual argument that plaintiff could not have struck his wrist or hand against this concrete when his finger was crushed. This contention is based upon the testimony of the mill superintendent and a co-worker present at the time of the accident which, by describing the positions of the work-crew contradictory to the version given by McGee, attempts to prove that it was difficult or even impossible for McGee to have struck his hand against the concrete as he pulled it back suddenly when his finger was crushed.
Aside from the contradictions between the testimony of these two witnesses, and aside from the consideration that the version of one of these witnesses far from excludes the probability that plaintiff (as he testified) struck his hand or wrist by his sudden motion, we think this argument of *568 defendants overlooks the well-established jurisprudence to the effect that the trial court’s evaluation of the credibility of the witnesses giving contradictory versions of a factual occurrence should not be disturbed in the absence of manifest error. See, e. g., Pierre v. Galloway, La.App. 1 Cir., 96 So.2d 916.
We likewise do not find merit to defendants’ further argument that plaintiff’s present disability is at the most partially rather than, as the District Court held, totally disabling.
Plaintiff’s earning a living performing other arduous employments does not indicate he is not totally disabled, for the record indicates that he performs such duties only with substantial pain. Our workmen’s compensation law, LSA-R.S. 23:1021 et seq., does not “demand that a worker perform labor of any nature while enduring substantial pain and suffering resulting from a disabling injury as contemplated by said law”, and such an employee is considered totally disabled as “no longer competent to perform duties requiring strenuous physical effort” and no longer able to “compete with other able-bodied laborers in the securing of employment”, Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175, at page 178.
Thus whether or not the plaintiff was merely a common laborer, as defendants claim, or a skilled worker as being a millwright’s helper, as plaintiff’s counsel argues, nevertheless he cannot with the restriction of motion and the pain in his wrist perform the substantial duties of his former occupation or perform them without substantial pain, and thus he is totally disabled within the meaning of our compensation law, irrespective of the medical percentage loss of use of the affected member. Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30, cf. Trahan v. Louisiana State Rice Milling Co., La.App. 1 Cir., 100 So.2d 914.
In Hughes v. Enloe, 214 La. 538, 38 So.2d 225, an employee sustained a hand injury producing a 25 to 35 per cent limitation of flexion therein. Although the Court, of Appeal had awarded compensation only for the partial loss of use of a hand, 31 So.2d 878, the Supreme Court amended the-judgment so as to award maximum compensation, stating through Justice Hawthorne (very appositely to the present case), 38 So.2d 226:
“Plaintiff having lost power to grip and hold the tools necessary to perform the work which he was accustomed to perform, it follows that he is unable any longer, due to this permanent injury, to perform work of the same or similar character as he was accustomed to perform prior to his injury, and therefore, in our opinion, he is entitled to compensation for permanent, total disability.”
Defendants’ final contention is that penalties and attorney’s fees under LSA-R.S. 22:658 should not have been imposed against them, since although unsuccessful in their defense their failure to pay compensation was not unreasonable or arbitrary but was instead based upon a good faith denial of liability. A majority of this court feels that this contention should be sustained, under the record before us, and the judgment will be amended accordingly.
For the above and foregoing reasons, the judgment of the District Court is amended so as to exclude the award to plaintiff of twelve per cent penalties and of attorney’s fees under LSA-R.S. 22:658; and as thus amended, the award to plaintiff and the trial court judgment is affirmed in all other respects.
Amended and affirmed.