134 So.2d 323 (1961)
Clayes ARDOIN, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 343.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
*324 Dubuisson & Dubuisson, by James G. Dubuisson, Opelousas, for defendant-appellant.
Tate & Tate, by Paul C. Tate, Mamou, for plaintiff-appellee.
Before TATE, FRUGE and SAVOY, JJ.
TATE, Judge.
This is a workmen's compensation suit by an injured employee against his employer's insurer. The plaintiff was awarded judgment for total and permanent disability. The insurer appeals; the plaintiff answers the appeal, requesting, inter alia, the award of legal interest upon unpaid compensation inadvertently omitted by the trial court judgment.
The evidence reveals without substantial contradiction that the plaintiff was injured at work on June 15, 1955, when his left hand became caught in some power equipment and the plaintiff sustained a jerking pull to the left arm. The claimant was hospitalized for six days and then remained under treatment of his local physician until June 27, 1956. The plaintiff was paid weekly compensation at the rate of $18.75 through January 14, 1956.
By this appeal the defendant questions principally the finding of any disability beyond January 14, 1956.
On the advice of his attending physician, the plaintiff returned to work for his employer in January of 1956, even though not fully cured. He continued, although with some difficulty to perform his duties up to the date of the trial. The plaintiff complains that when he performs hard work his upper arm swells and he suffers substantial pain. His testimony was corroborated by lay witnesses, including his employer who testified on behalf of the defendant. Because of this disability, the employer had since the accident on occasions assigned another employee to help the plaintiff, and also the plaintiff has occasionally missed several days of work.
The work-caused swelling was on occasion observed by the plaintiff's local physician, who termed it a "drastic" swelling, causing the plaintiff's upper left arm to be approximately a third larger than its normal size. Tr. 63. (This physician's last examination, however, was on June 27, 1956.) The cause of this injury is ascribed by an orthopedist testifying for the plaintiff, who was "almost positive" in his diagnosis (Tr. 152), to a stretching or pulling of the brachial and cervical plexuses (i. e., networks of nerves in the upper left arm, armpit and neck) at the time of the accident; such injury being evidenced by the consistency of the plaintiff's complaints, by a very definite atrophy of the muscles over the shoulder blades (Tr. 149), and by a slight limitation of motion of the plaintiff's neck flexion. This specialist last examined the claimant a month before the trial.
*325 Two orthopedists examined the plaintiff last on May 13, 1957 (the day after the trial), at the request of the defendants. Although noting that the plaintiff had consistently complained of pain in his upper left arm and neck, these orthopedists found no objective evidence of the disability, except that one of them found the slight loss of flexion in the neck. These orthopedists agreed that the symptoms of which the plaintiff complains are consistent with a brachial or cervical plexus injury; but stated that a diagnosis of this type of disability was in the field of neuro-surgery and could be definitely ascertained only by a nerve perception test.
In our opinion the preponderance of the evidence proves that the plaintiff was disabled at the time of the trial. The attending physician and the specialist testifying for the plaintiff so found him, based in part upon objective symptoms; while the lay evidence, including even the testimony of the employer testifying on behalf of the defendant, supports this conclusion.
Although the plaintiff returned to his employment and performed his former duties (although only with pain or with the assistance of his fellow employees), he may nevertheless be disabled, even though by the charity of his employer he is retained on the payroll. Carlino v. United States Fidelity & Guaranty Co., 196 La. 400, 199 So. 228. And even though the exact cause of his disability is not determined, the plaintiff is entitled to compensation for disability upon proof that he is in fact disabled, since the test of recovery is disability vel non and not the nature of the injury. Allen v. Coal Operators Cas. Co., La.App. 3 Cir., 124 So. 2d 344; Johnson v. Travelers Ins. Co., La. App.Orl., 116 So.2d 894; Bassemier v. W. S. Young Construction Co., La.App. 1 Cir., 110 So.2d 766, certiorari denied.
But although we find no difficulty in affirming the finding that the plaintiff was disabled at the time of the trial by reason of the residual from the plexus injury, we cannot affirm in this instance the award of permanent disability at this time (November, 1961), when the evidence at the trial over four years ago (March 12, 1957) shows that the disability was of a transitory or temporary nature. The specialist testifying for the plaintiff stated that the disabling condition had already over the course of time during his own observation definitely cleared up in part (Tr. 158) and that it was apparently still improving when he examined the plaintiff in February, 1957 (Tr. 152). One of the specialists testifying for the defendant stated that usually the complaints from such an injury would cease within a year or eighteen months after the accident (Tr. 116).
Ordinarily, it is true, an award should be made for total and permanent disability when the plaintiff is disabled at the time of the trial and the medical evidence does not indicate the duration of the disability, the employer being protected by the statutory provision permitting periodic revision of the judgment should the employee's disability end. Vidrine v. American Employers Insurance Co., La.App. 3 Cir., 129 So.2d 288, certiorari denied; Powell v. Travelers Insurance Co., La.App. 2 Cir., 117 So.2d 610, certiorari denied; Thomas v. Crown-Zellerbach Corp., La.App. 1 Cir., 101 So.2d 478. But, under the particular facts reflected by the present record, where the medical evidence taken over four years ago indicates a strong possibility that the employee's disability may have been cured long before this appeal was heard (due to the great delay between the trial in 1957 and the submission of the case to the trial judge in 1961), we think it will be more fair to affirm the judgment holding the plaintiff disabled up through the date of the trial, March 12, 1957, but to remand this case for further proceedings to take further testimony as to residual disability if any beyond said date. See Istre v. Molbert Bros. Poultry & Egg Co., La.App. 3 Cir., 125 So.2d 436, and authorities there cited. This is especially so since both parties by alternative argument agree to a remand so that such testimony may be taken.
*326 Before concluding we should state that the trial court's holding as to the following two issues are supported by the record:
(1) The trial court correctly found that compensation should be awarded at the rate of $23.12 per week, based upon a weekly wage including the total of (a) cash wages ($5 per day, $30 per week), (b) free residence (worth a monthly rental of $12 or a weekly rental of $2.76), and (c) free milk (40 cents per day, or $2.80 per week), all furnished by the employer to the employee as compensation for his services. The trial court thus correctly included as part of the weekly wage basis, for the purposes of computing the weekly workmen's compensation benefits, the lodging and the food regularly furnished to the employee as part of the consideration for his services in addition to his wages. Richmond v. Weiss & Goldring, Inc., La.App. 3 Cir., 124 So.2d 601; Fontenot v. Myers, La.App. 1 Cir., 93 So.2d 245, certiorari denied.
(2) The trial court held that the defendant insurer was entitled to credit for each week following the accident in which the wages paid by the plaintiff's employer equalled or exceeded the weekly compensation due to the employee for his disability. The plaintiff does not question this determination by his answer to the appeal, which determination is further supported by the record, since the plaintiff returned to work for the same employer in the same position in which he had been injured, although he was legally disabled because he could not perform his duties without pain or without help. Carlino v. United States Fidelity & Guaranty Co., 196 La. 400, 199 So. 228; Walters v. General Accident & Fire Assurance Corp., La.App. 1 Cir., 119 So.2d 550, certiorari denied.
For the foregoing reasons, the District Court judgment is affirmed insofar as it awarded compensation to the plaintiff at the weekly rate of $23.12, commencing June 15, 1955 and up to and including March 12, 1957, subject to credit for compensation previously paid and to credit for wages paid by the defendant's insured, up to the amount of the compensation due, in any week that such wages equalled or exceeded $23.12; together with medical expenses incurred during such period, not to exceed the statutory maximum, and the costs to date of the trial court proceedings. The District Court judgment is amended to award legal interest upon unpaid compensation from the date of delinquency until paid. The judgment is additionally amended so as to set aside the award of compensation beyond March 12, 1957, and it is ordered that this case be remanded to the District Court for such additional proceedings and testimony as may be needed to establish the plaintiff's residual disability, if any, beyond March 12, 1957. The defendant-appellant will pay the costs of this appeal.
Amended and affirmed in part; remanded in part.