SANDERS, Justice.
 

 This is a workmen’s compensation proceeding. Wilburn E. Lindsey, a farm equipment mechanic, lost the sight of his right eye following an accident on April 28, 1959, in which he was struck in that eye by a small foreign body, while he was per
 
 *697
 
 forming his duties in the employ of TriState Tractor Company. He seeks a judgment against Continental Casualty Company, the insurer of his employer, for workmen’s compensation at the maximum rate of $35 per week for the duration of his disability, not to exceed
 
 400
 
 weeks, with penalties and attorney’s fees. The defendant admits the injury and rate of compensation, but denies that Lindsey is permanently and totally disabled. It asserts that the plaintiff is entitled to workmen’s compensation for only 100 weeks for the loss of an eye. In the alternative, it seeks credit for the wages paid to the plaintiff after the injury as foreman by the TriState Tractor Company.
 

 The district court rendered judgment in favor of plaintiff for permanent and total disability and denied defendant’s claim for credit of wages. The court refused to assess penalties and attorney’s fees against the defendant. On appeal the judgment was affirmed. See 130 So.2d 470. Upon the applications of both parties, we granted certiorari to review the judgment.
 

 The Court of Appeal found (and its findings are supported by the record) that at about the time plaintiff lost the sight of his injured eye, he was promoted from mechanic to shop foreman, at an increase in pay. In the new position he parcels out the work among the mechanics and supervises them. Because the shop is small, his supervisory duties as foreman do not require all of his time. In addition, he continues to work as a mechanic, both in the shop and on service calls to farms. He can no longer perform all of the tasks involved in his work as a mechanic, particularly exact measurements, alignments, adjustments of small parts, and intricate repairs. He frequently calls for and is given assistance by his fellow workers in handling small objects, making fine adjustments, or making repairs in places where visibility is poor.
 

 Three questions are presented for our consideration:
 

 (1) Is Wilburn E. Lindsey permanently and totally disabled within the meaning of the Louisiana Workmen’s Compensation Act?
 

 (2) If so, is workmen’s compensation payable during the period in which he is employed by the same employer at full wages?
 

 (3) Should statutory penalties and attorney’s fees be assessed against the defendant?
 

 Our first concern is whether Lindsey is entitled to recover compensation under the permanent total disability provision of the statute
 
 [1]
 
 for a period not exceeding 400
 
 *699
 
 weeks or under the specific injury schedule of the statute
 
 [2]
 
 for the limited period of 100 weeks.
 

 Under the jurisprudence it is established that a skilled worker is deemed totally disabled within the intendment of the law if he is unable to do work of the same character as that which his training, education, and experience qualify him to perform, without unusual difficulty or danger. This rule is applicable to a skilled worker who cannot perform a substantial portion of the work incident to his special occupation.
 
 [3]
 
 The fact that he may be able to perform the work through assistance does not alter the result. The law looks only to the occupational capacity of the injured employee.
 
 [4]
 

 In the instant case the evidence discloses that the loss of sight in the right eye is accompanied by a loss of range of vision, a loss of depth perception, and a lack of fusion. The plaintiff cannot perform a substantial portion of his former duties. His work as a mechanic is also slowed by the sight handicap. His employer testified that he would not employ a mechanic so handicapped except for the scarcity of experienced farm machinery mechanics.
 

 We conclude that the plaintiff is permanently and totally disabled within the intendment of the Workmen’s Compensation Act.
 
 [5]
 

 Having concluded that Lindsey is totally disabled and entitled to maximum benefits under the Act, the next question presented for our determination is the alternative demand of defendant that credit be allowed the insurer for wages paid by the employer to the plaintiff after the injury.
 

 The defendant urges that plaintiff as foreman continues to do substantially the same skilled work for pay as he did prior to his loss of sight and that he is not entitled to wages and workmen’s compensation at the same time. To support this contention it relies upon Mottet v. LibbeyOwens-Ford Glass Co., 220 La. 653,
 
 57
 
 So.2d 218; Pohl v. American Bridge Division United States Steel Corporation, La.App., 109 So.2d 823; and several other decisions of the Courts of Appeal.
 

 
 *701
 
 There are divergent views on whether credit should be granted to the employer or insurer for wages paid the employee during his period of total or partial disability. See 11 Schneider, Workmen’s Compensation, Permanent Edition, Section 2319(c), page 530; 58 Am.Jur., Workmen’s Compensation, Section 300, page 789; 175 A.L.R. 726.
 

 This state has aligned itself with the view that credit should be granted in a proper case.
 

 The basic test supported by the jurisprudence of this state is whether the wages paid subsequent to the injury are actually earned. If they are not earned, they are presumed to be in lieu of compensation. This was the essence of our holding in Mottet v. Libbey-Owens-Ford Glass Co., supra: The Mottet case adopted for credit purposes the test laid down in connection with a ruling on a plea of prematurity in D’Antoni v. Employers’ Liability Assurance Corporation, 213 La. 67, 34 So.2d 378. In the D’Antoni case, with Justice McCaleb as organ of the Court, we said:
 

 “ * * * If the employee is actually earning the wages paid him, his suit cannot be dismissed on a plea of prematurity forasmuch as he is not receiving compensation. * * * Conversely, if it is shown on the trial of the plea that the wages being paid the employee are in reality a gratuity and not for the performance of work, then the action will be dismissed as premature — -for, in such instance, the payment of the wage is the equivalent to the payment of compensation.”
 

 The rationale of this test is set forth in 2 Larson, Workmen’s Compensation Law, Section 57.42, page 19:
 

 “ * * * if the man is giving a dollar’s worth of labor for every dollar he is paid, the intention of the employer cannot be said to be that of supplying a substitute for workmen’s compensation; it is simply to purchase these services from this man on the same terms as from any other man. Therefore credit is usually disallowed when it can be shown that the claimant earned the wages he was paid during the period in question.”
 

 While this test is simple in statement, its application to the shifting facts of litigated cases is not free from difficulty.
 

 The evidence in the instant case establishes to our satisfaction that the plaintiff earned his full wages by serving as foreman and performing some of his former duties, although with less speed and facility. Since the wages were fully earn
 
 *703
 
 ed, they may not he considered as in lieu of compensation for purposes of credit.
 
 [6]
 

 From our review of the cases relied upon hy the defendant, we find that the only one that reached a seemingly contrary result as to credit on a somewhat comparable factual situation is Pohl v. American Bridge Division United States Steel Corporation, supra. In that case Pohl was a structural iron worker who was found to be totally and permanently disabled because of traumatic neurosis which prevented his going aloft. Seventy-five percent of his regular duties were aloft, and the court found these duties to be an essential part of an iron worker’s occupation. During the period of retention by his employer, he continued to perform all of the duties of iron worker on the ground at full wages. For a portion of the time, his employment was for the express purpose of rehabilitation. The Court of Appeal held that the employee could not draw wages and compensation at the same time and granted credit. While the result reached in that case on the specific factual findings may be correct, the court, through an overemphasis of certain incidental language in the Mottet case, used as the sole test whether the employee was engaged in a different type of work not requiring any special skill or training. The decision can be justified only on the ground that under the circumstances the wages paid were not
 
 fully earned.
 

 The plaintiff contends that the defendant’s refusal to pay the plaintiff on the basis of permanent and total disability was arbitrary and capricious and that he is entitled to statutory penalties and attorney’s fees.
 
 [7]
 
 We conclude, as did the Court of Appeal, that the action of the defendant under the circumstances of this case was neither arbitrary nor capricious. The claim for penalties and attorney’s fees must be rejected.
 

 For the reasons assigned, the judgment of the Court of Appeals is affirmed.
 

 [1]
 

 . LSA-R.S. 23:1221(2): “For injury producing permanent total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond four hundred weeks.”
 

 [2]
 

 . LSA-R.S. 23:1221 (4): “In the following cases the compensation shall be as follows: * * * (i) For the loss of an eye, sixty-five per centum of wages during one hundred weeks.”
 

 [3]
 

 . See Olivier v. Liberty Mutual Insurance Company, 241 La. 745, 131 So.2d 50; Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1; Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695; Schneider v. Travelers Ins. Co., La.App., 172 So. 580.
 

 [4]
 

 . Carlino v. United States Fidelity and Guaranty Co., 196 La. 400, 199 So. 228; Hulo v. City of New Iberia, 153 La. 284, 95 So. 719; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25.
 

 [5]
 

 . See Trahan v. Louisiana State Rice Milling Company, La.App., 100 So.2d 914; Duke v. Urania Lumber Company, La. App., 73 So.2d 13; McDearmont v. M. I. Davis Company, La.App., 64 So.2d 473.
 

 [6]
 

 . Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; D’Antoni v. Employers’ Liability Assurance Corporation, 213 La. 67, 34 So.2d 378. See also Holliday v. Martin Veneer Co., 206 La. 898, 20 So.2d 173.
 

 [7]
 

 . LSA-R.S. 22:658.