TATE, Judge.
This is a suit by an injured employee to recover workmen’s compensation benefits for residual disability arising out of a 1955 accident at work. The plaintiff has appealed from the trial court’s dismissal of his claim.
This suit against the employer’s insurer has been before this court on a previous appeal. We then affirmed an award of compensation for disability proven up through the date of the trial, March 12, 1957. We further remanded the case “for such additional proceedings and testimony as may be needed to establish the plaintiff’s residual disability, if any, beyond March 12, 1957.” La.App., 134 So.2d 323, 326.
On the remand, both parties produced only lay testimony. At the close of the trial, the District Court referred the claimant on its own motion for examination by an orthopedist of Lake Charles. The orthopedist’s examination report showing no evidence of disability was then filed in the record.
We find no error in the trial court’s determination that the preponderance of the evidence proves no residual disability of the claimant beyond March 12, 1957. We therefore find it unnecessary to discuss the contention skillfully urged by the plaintiff’s counsel that on the remand the defendant had the burden of proof to show that the claimant had recovered from the disability previously held by us to exist prior to March 12th.
Additionally, however, the plaintiff-appellant urges that the trial court erred: (1) in considering and giving weight to the un-sworn written examination report of the orthopedist to whom the court had referred the claimant, thus depriving the claimant of an opportunity to cross-examine this specialist, Thomas v. Maryland Cas. Co., La. App. 1 Cir., 32 So.2d 472; and (2) in allowing credit against the compensation liability admittedly due for disability up to March 12th for fully earned wages paid during such period of disability, Lindsey v. Continental Cas. Co., 242 La. 694, 138 So.2d 543.
1. As to the first complaint, the plaintiff did not object to the filing of or *794 the consideration by the trial court of the specialist’s written report of examination at the time it was filed into the record (pursuant to the previous order of the court, Tr. 90), some five months before the trial court judgment. The claimant has thus waived his right to object to the introduction of this doctor’s report into evidence; he cannot for the first time on appeal question the receipt into the evidence of this medical report, when no objection was made in the lower court to its filing nor to the consideration of it by the trial court. White v. Lockhart, La.App. 1 Cir., 129 So.2d 917; Barrois v. Legendre, La.App. 4 Cir., 127 So.2d 790; Gray v. Great Ameri can Indemnity Co., La.App. 1 Cir., 121 So.2d 381; 88 C.J.S. Trial § 115, p. 230. Cf., LSA-C.C.P. Art. 1635.
2. As to the second specification of error, the original trial court judgment had held the defendant insurer liable for workmen’s compensation during the claimant’s disability, but it had also allowed against this liability a credit for wages paid by the employer-insured to the plaintiff during such period of disability, by virtue of the jurisprudence cited and applied in Walters v. General Accident & Fire Assurance Corp., La.App. 1 Cir., 119 So.2d 550, certiorari denied. Our decree on the first appeal to this court affirmed the award of compensation through March 12, 1957, and we also affirmed the allowance of credit against compensation due for wages paid during the period of disability ending this same date. 134 So.2d 326. Neither party applied for a rehearing of the matters decided by our original judgment.
At the trial on the remand and now again before us on this second appeal, plaintiff’s counsel contends that credit was improperly allowed for wages paid during this disability because such wages were not fully earned. Counsel relies upon the recent decision of our Supreme Court in Lindsey v. Continental Cas. Co., 242 La. 694, 138 So. 2d 543; this decision, according to plaintiff's counsel, overruled and clarified previous jurisprudence formerly permitting a credit under the present circumstances and upon which we had relied on the first appeal in affirming the credit.
We find it unnecessary to decide whether credit for wages paid was or was not properly allowed if we apply the clarification of the jurisprudence afforded by the Lindsey decision. For, upon the failure of either party to apply for a rehearing within the legal delays, our prior judgment herein (134 So.2d 323) became final and definitive, affirming both the award of compensation and also the allowance of credit for wages paid through March 12, 1957. It is thus res judicata of the issues decided therein, including its determination of the credit allowable against compensation liability prior to March 12th.
Counsel for the plaintiff-appellant contends, however, that our original judgment on the first appeal was not a final judgment since it did not determine all the points in controversy between the parties. (Thus, counsel suggests, our earlier ruling on the credit issue is not res judicata but rather merely the “law of the case”, which does not necessarily furnish a governing principle when the jurisprudence followed on the first appeal has been overruled during the interval between the first and the second appeal. Keller v. Thompson, La. App. 3 Cir., 134 So.2d 395; 5 B C.J.S. Appeal and Error § 1964, p. 550; § 1824 at p. 196, and § 1829 at p. 205.)
Article 1841 of the new Code of Civil Procedure now provides:
“ * * * A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.” (Italics ours.)
Further, “A final judgment is definitive when it has acquired the authority of the thing adjudged,” LSA-C.C.P. Art. 1842. See also LSA-Civil Code Article 3556(31) : “Thing adjudged is said of that which has *795 been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the •time fixed by law for appealing is elapsed, ■or because it has been confirmed on the appeal.”
Our original judgment herein determined ■on the merits all compensation liability and credit questions up through March 12th. It was thus a final judgment as to that part of the merits, which became definitive and ■executory when neither party applied for rehearing within the legal delays. LSA-C.C.P. Arts. 1842, 2167. It thus is res judi-cata as a conclusive determination between the parties on the question of whether credit should or should not have been allowed against compensation liability prior to March 12, 1957. “Where a judgment is reversed or vacated in part, it is res judica-ta as to those matters which were affirmed, although not as to those with respect to which the judgment was reversed or vacated.” 50 C.J.S. Judgments § 702, p. 157.
Counsel for appellant nevertheless contends that the judgment awarding compensation only through March 12th and remanding the case for further proceedings to determine further compensation liability beyond such date, cannot be a final judgment because it did not determine all the points in controversy between the parties, citing language to such effect in Feitel v. Feitel, 169 La. 384, 125 So.2d 280 and Bossier’s Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553.
These decisions, however, concerned judgments which had sustained exceptions of no cause of action as to part of the demand. Unlike the present judgment which determined part of the merits, such judgments by definition were non-appealable interlocutory judgments: see Article 538 of Code of Practice of 1870, and also present pertinent language, above-quoted, of LSA-C.C.P. Art. 1841: “ * * * A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.” (Italics ours.)
It is of some interest that the cited decisions were in part based upon the language of the then applicable 1870 Code of Practice Article 539 that “final judgments are such as decide all the points in controversy, between the parties.” (Italics added.) The courts recognized early that this language was misleading, in that a judgment on deciding the merits in part was nevertheless an appealable final judgment. Cary v. Richardson, 35 La.Ann. 505. Because the former 1870 Code of Practice language was misleading, the definition now set forth in the recently-adopted LSA-C.C.P. Art. 1841 (“A judgment that determines the merits in whole or in part is a final judgment”) replaced the old Code of Practice definition. See Comment b, Official Revision Comments, LSA-C.C.P. Article 1841.
Counsel for the appellant also cites Jones v. Williams, 215 La. 1, 39 So.2d 746. There, the Supreme Court held that the thirty days within which to apply for writs of certiorari and review, Article VII, Section 11, Louisiana Constitution, did not commence until the Court of Appeal finally disposed of the appeal on final rehearing granted, even though an earlier denial of a rehearing as to some of the issues may have earlier made the court of appeal determination “final” in that court as to such issues on that appeal.
Counsel suggests that this holding indicates that a court of appeal judgment disposing of part of the issues in a case is not final until the court of appeal has been finally able to dispose of all of the issues between the parties.
Under the Jones decision, a court of appeal judgment disposing of part of the issues in a given appeal may not become final, at least for purposes of applying for writs of certiorari, until the last judgment of the court of appeal disposes of that entire appeal. However, the holding in the decision is limited to the narrow question of statutory construction there before the *796 court; it does not mean that court of appeal judgments cannot become definitive when a remand is ordered as to some of the issues, even though the judgment disposes of the entire appeal then before the court and has become final and definitive because no rehearings are applied for or granted, such as our judgment entirely disposing of the first appeal before us, 134 So.2d 323.
We therefore conclude that our earlier judgment, which became final and definitive, is res judicata and has conclusively determined between the parties that the defendant is entitled to credit for wages paid during disability prior to March 12, 1957.
For the foregoing reasons, the judgment of the District Court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.