158 So.2d 389 (1963)
Anthony L. OCCHIPINTI, Plaintiff-Appellee,
v.
MARQUETTE CASUALTY COMPANY, Defendant-Appellant.
No. 981.
Court of Appeal of Louisiana, Third Circuit.
December 3, 1963.
Rehearing Denied December 20, 1963.
Writ Refused February 14, 1964.
Dubuisson & Dubuisson, by Edward Dubuisson, Opelousas, for defendant-appellant.
Lewis & Lewis, by John M. Shaw, Opelousas, for plaintiff-appellee.
Before TATE, FRUGE, and CULPEPPER, JJ.
*390 TATE, Judge.
This is a suit for workmen's compensation benefits. Made defendant is the employer's insurer. The defendant appeals from an award for total and permanent disability. The plaintiff-employee answers the appeal, requesting that additionally he be awarded penalties for the arbitrary non-payment of compensation.
Essentially, the defendant-appellant contends that the trial court erred in awarding compensation for total and permanent disability because: (1) the award should have been limited to one for partial permanent loss of the function of the right hand, instead of one for permanent total disability; and (2) alternatively, the defendant-appellant should have received credit against such compensation liability for wages paid to the plaintiff-employee following the accident.
1. Disability.
The plaintiff was employed as a working manager for a small feed mill employing six or seven other men. At the time his hand was injured at work, the plaintiff was the only employee with any mechanical knowledge. His duties included the actual manual maintenance and repair of the machinery in this four-story mill. Due to the age of this machinery and its defective installation, this repair and maintenance work comprised an appreciable part of the plaintiff's duties.
While repairing some machinery at work on November 8, 1961, the plaintiff suffered a severe crushing injury to his right hand. Amputation of the index and middle fingers was required. Further, as a result of the crushing injuries, the ring finger is deformed and tender, and pain is caused when the finger bumps into contact with any surface.
As a result of these injuries, the undisputed medical testimony shows that the plaintiff has suffered a complete loss of grip and a greatly impaired grasp in his right hand, and he is completely unable to do close work with machinery because of the great loss of function of this hand. Further, the undisputed lay evidence is corroborative of the medical testimony and, it shows that the plaintiff cannot do most of the mechanical repair and maintenance work performed by him prior to the accident, since two hands are needed for such work; and additionally he cannot do certain other work which formerly was part of the duties performed by him, such as helping the other employees to load heavy feed sacks or driving the heavy truck of the mill.
Despite the skilled argument to the contrary of eminent counsel for the defendant-appellant, the trial court was undoubtedly correct under the jurisprudence in awarding the claimant compensation for total and permanent disability under LSA-R.S. 23:1221(1), instead of compensation merely for loss of function of a specific member (the hand) under LSA-R.S. 23:1221(4). As recently restated by our Supreme Court, rejecting similar arguments in Lindsey v. Continental Casualty Co., 242 La. 694, 138 So.2d 543, 544, a man employed at skilled work is deemed totally and permanently disabled under the compensation law if, because of his work injuries, he can no longer perform the duties of his employment "without unusual difficulty or danger. This rule is applicable to a skilled worker who cannot perform a substantial portion of the work incident to his special occupation. The fact that he may be able to perform the work through assistance does not alter the result. The law looks only to the occupational capacity of the injured employee."
Further, as stated in McGee v. Reimers-Schneider Co., La.App. 1 Cir., 102 So.2d 566, 568, certiorari denied, likewise rejecting arguments similar to those advanced to those herein:
"* * * [W]hether or not the plaintiff was merely a common laborer, as defendants claim, or a skilled worker as being a millwright's helper, as plaintiff's counsel argues, nevertheless he cannot with the restriction of motion and the pain in his wrist [herein, the hand] perform the substantial duties of his former occupation or perform them without substantial pain, and thus he is totally disabled within the meaning of our compensation law, irrespective *391 of the medical percentage loss of use of the affected member. Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30, cf. Trahan v. Louisiana State Rice Milling Co., La.App. 1 Cir., 100 So.2d 914.
"In Hughes v. Enloe, 214 La. 538, 38 So.2d 225, an employee sustained a hand injury producing a 25 to 35 per cent limitation of flexion therein. Although the Court of Appeal had awarded compensation only for the partial loss of use of a hand, 31 So.2d 878, the Supreme Court amended the judgment so as to award maximum compensation, stating through Justice Hawthorne (very appositely to the present case), 38 So.2d 226:
"`Plaintiff having lost power to grip and hold the tools necessary to perform the work which he was accustomed to perform, it follows that he is unable any longer, due to this permanent injury, to perform work of the same or similar character as he was accustomed to perform prior to his injury, and therefore, in our opinion, he is entitled to compensation for permanent, total disability.'"
See general discussion in Malone, Louisiana Workmen's Compensation (1951), Section 279.
Counsel suggests, however, that this result should not follow in the present case because the injuries were to the plaintiff's right hand, whereas the plaintiff is left-handed. Cf. Falgoust v. Maryland Casualty Co., La.App.Orl., 22 So.2d 312.
We find no merit to this contention. In the present case, the evidence without contradiction indicates that the plaintiff needed both hands to perform the manual and mechanical duties of his employment; in fact, the plaintiff's right hand was injured while being used for this purpose.
2. Credit.
Alternatively, the defendant-appellant appellant contends that it should be allowed credit for the continued payment by the employer to the plaintiff of his wages following the accident. The plaintiff and his co-workers testified that, after he returned to work, he spent his ten-hour work days in supervisory duties as plant foreman or manager, but was unable to perform himself its manual and mechanical duties. Although he could no longer manually perform the mechanical work, he continued to supervise it, which was now performed by his helper and by another employee (who had previous mechanical experience) added to the work force.
Although the claimant's duties were thus shifted in emphasis, the record indicates, as the trial court found, that the plaintiff fully earned all wages paid to him. Although an employer may be allowed credit for the continued payment of wages which pursuant to an express or implied agreement are paid in lieu of compensation (see summary in Fruge v. Hub City Iron Works, Inc., La.App. 3 Cir., 131 So.2d 593), the jurisprudence is now settled that an employer or insurer is not entitled to credit against compensation liability, for wages which are fully earned by the disabled employee. Madison v. American Sugar Refinery Co., 243 La. 408, 144 So.2d 377; Lindsey v. Continental Casualty Co., 242 La. 694, 138 So.2d 543.
3. Penalties.
By answer to the appeal, the plaintiff urges that the trial court judgment should be amended to award him penalties and attorney's fees for the arbitarary nonpayment of compensation due. However, a majority of this court has concluded that there was no manifest error in the trial court's disallowance of penalties under the circumstances reflected by this record.
Decree.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendant-appellant.
Affirmed.

On Application for Rehearing
En Banc. Rehearing denied.