CULPEPPER, Judge.
This is a workmen’s compensation suit. 'The district judge awarded plaintiff benefits for total and permanent disability. Defendant appealed.
The sole error complained of on appeal is that the trial judge should have sustained defendant’s plea of prescription of one year after cessation of compensation payments. LSA-R.S. 23:1209. This prescriptive issue depends on whether wages paid by defendant to plaintiff, after his return to work, were actually earned or were a gratuity paid in lieu of or in the nature of compensation.
The facts show that plaintiff had worked for defendant, Cabot Corporation, Inc., for many years as an assistant operator. While so employed on January IS, 1962, he injured his back lifting a SO pound bag of carbon black. Despite conservative treatment, the injury persisted and on about April 26, 1962 a ruptured intervertebral disc was surgically removed from his back. After several months, the doctors reported plaintiff could return to work but could perform only light duties.
He returned to work for Cabot on November 26, 1962, but was assigned duties in a different work classification, that of a “warehouseman”. The evidence shows clearly that when plaintiff first returned to work, his foreman was advised by the supervisor that plaintiff could perform only light duties and that he could not handle the bags of carbon or climb or do any heavy lifting. Plaintiff continued in this job classification for over a year, but was never able to perform all of the duties of a warehouseman. When the other ware-housemen were required to handle the heavy bags, plaintiff was assigned to some lighter type of duty. On these occasions he would do work as a janitor, cleaning up the warehouse, or making pallets, on which to load sacks of carbon, or he would be assigned to check machinery, etc. The evidence also shows there were many occasions on which there was no light work to which plaintiff could be assigned and he simply waited while the others did the heavy work.
The record also reveals that the other warehousemen worked on shifts during the day and night, but plaintiff was not required to work on night shifts.
As to wages, plaintiff was paid the same wage as the other warehousemen, i. e., $2.59 per hour, which was about the same as the $2.56 per hour which plaintiff had received as an assistant operator before the accident. The janitors received less pay, because their work was lighter.
*600 After plaintiff had thus worked as a warehouseman for about one year and three months, he was discharged on February 21, 1964. His employer frankly admits plaintiff was discharged because he couldn’t perform all of the duties of his job as warehouseman. Following his discharge, plaintiff filed this suit on December 10, 1964.
There is little dispute as to the facts set forth above. Defendant’s argument, in support of its plea of prescription, is that although plaintiff could not perform the heavy duties of his job as warehouseman, he did work 8 hours a day and was kept busy doing light work, which had to be done by someone; and therefore plaintiff fully earned his wages.
A recent Supreme Court case on the subject is Madison v. American Sugar Refining Co., 243 La. 408, 144 So.2d 377 (1962). There, plaintiff was a common laborer, stacking sacks of sugar in boxcars, and also working as a “car bracer” and “lift operator”. After suffering a ruptured in-tervertebral disc, he returned to work and for several months did substantially the same kind of common labor work as before the accident. Then a job as “power sweeper operator” became available and, because of his seniority, he was assigned to that job, which required less physical effort but paid about the same wage. The issue there was whether defendant was entitled to a credit, for the wages paid, against compensation benefits due. The court held plaintiff fully earned his wages and hence no credit was due. The applicable law was stated as follows:
“The basic test for determining whether they are made in lieu of compensation is whether the wages paid after the injury are actually earned. This, of course, is determined by the facts and circumstances of a particular case. The fact that the services performed after the injury are similar, or dissimilar, to the services performed before may be relevant to the question of whether the wages are'actually earned,' but it is not decisive of it. In the instant case there is no doubt, and the defendant does not contend otherwise, that the wages were fully earned after the injury.”
In Occhipinti v. Marquette Casualty Co., 158 So.2d 389 (La.App. 3rd Cir.1963; writ refused) plaintiff was the manager of a small feed mill. Because he was the only employee with any mechanical knowledge,, he also had to do a lot of the actual manual labor in the maintenance and repair of the mill machinery. As a result of the accident he lost two fingers and another was left deformed and painful to touch. After he returned to work he performed only his supervisory duties and was unable to do manual labor on the machinery. But the evidence showed he worked full time at his supervisory duties and actually earned his wages. We stated the law as follows:
“Although the claimant’s duties were thus shifted in emphasis, the record indicates, as the trial court found,-that the plaintiff fully earned all wages paid to him. Although an employer may be allowed credit for the continued payment of wages which pursuant to an express or implied agreement are paid in lieu of compensation (see summary in Fruge v. Hub City Iron Works, Inc., La.App. 3 Cir., 131 So.2d 593), the jurisprudence is now settled that an employer or insurer is not entitled to credit against compensation liability, for wages which are fully earned by the disabled employee. Madison v. American Sugar Refinery Co., 243 La. 408, 144 So.2d 377; Lindsey v. Continental Casualty Co., 242 La. 694, 138 So.2d 543.”
The most recent case from this court on the subject is Ledoux v. William T. Burton Company, 171 So.2d 795 (3rd Cir.1965). There, plaintiff was a laborer in a shipyard performing heavy work. After a period of disability from a strained back, he returned to work and was later assigned duties as a cook, at the same wage but with- *601 lighter duties. The evidence showed he performed all of the duties of a cook and his employment was not terminated until 3 years later, when the kitchen was closed and a cook was no longer needed. We found his wages as a cook were actually earned and hence denied a plea of prescription. The principal issue was whether the fact that plaintiff was assigned lighter duties as a cook after returning to work created an inference that the wages paid were in lieu of compensation. We quoted from the Madison case, supra, and noted that although a comparison of the work before and after the accident is a factor to be considered, it is not decisive. We noted particularly that plaintiff had performed all of the duties of a cook for 3 years and was discharged only after the job of cook was dispensed with. The facts there did not give rise to an inference that any portion of Ledoux’s salary was a gratuity in lieu of compensation.
Another case which counsel have cited is Scalise v. Liberty Mutual Insurance Co., 84 So.2d 88 (La.App. 1st Cir.1955). The facts there are similar to the present matter. Scalise was a welder who injured his leg and on return to work was assigned to lighter non-climbing duties, but was still paid his former wage of $1.20 an hour because he had worked for his employer for 20 years. The evidence showed clearly that his services on returning to work were actually worth only about 90(5 an hour and hence he was not earning his wages, a portion thereof being a gratuity in lieu of workmen’s compensation.
Under the law, as set forth in the above cases, we conclude that plaintiff here did not actually earn his wages after returning to work. Although being paid a wage of '$2.59 per hour, plaintiff admittedly could not do the heavy lifting or climbing which constituted a principal part of the duties of a warehouseman. Hence, while the other warehousemen were doing heavy labor, he was assigned to lighter duties which were customarily done by janitors at less pay, or frequently he simply had to wait until some light work was available for him. He was finally discharged because he couldn’t do the work of a warehouseman. Under the circumstances, we think there is no question but that a portion of the wages, which he received as a warehouseman, was a gratuity, not actually earned, and which must be considered in lieu of compensation. We therefore conclude the plea of prescription was correctly overruled.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.