ELLIS, Judge.
This is an appeal from a judgment awarding plaintiff, James D. Peltier, workmen’s compensation benefits for permanent and total disability, but denying him penalties and attorney’s fees. Plaintiff appealed that part of the judgment denying him penalties and attorney’s fees, and defendant answered the appeal asking that the judgment be reversed.
The facts are undisputed. Mr. Peltier was injured in an accident and, as a result, suffered a 20% disability of the foot. He was, at the time of his injury, working out of a union in which he was classified as a lineman electrician. In order to be a lineman electrician, you must be able to climb poles. Mr. Peltier claims that he cannot climb poles and will not be able to do so in the future.
On the other hand, since he was discharged by his treating physician, he has been able to work as an “inside” electrician full time at a rate of pay higher than that which he was drawing as a lineman electrician. The electrical work which he has been doing has involved climbing steps and working on a scaffold, but has not involved pole climbing. The trial judge found that plaintiff was working in pain. Up until the time of the trial of the case, he had had no difficulty in finding employment.
This suit was brought because the defendant was paying benefits on the basis of a 20% disability of the foot rather than on the basis of permanent and total disability. The payment for the 20% disability of the foot is $29.64 per week for 125 weeks, whereas payment for permanent and total disability would be $35.00 per week for 400 weeks. The plaintiff con *592 tends that the refusal to pay $35.00 a week is arbitrary and that the defendant should be condemned to pay penalties and attorney’s fees.
The defendants take the position that since the plaintiff has been employed full time as an electrician at a higher rate of pay, he is not permanently and totally disabled within the meaning of the act and is entitled only to the schedule payment. They contend alternatively that he is not disabled at all.
In Scarborough v. Nichols Construction Co., 110 So.2d 811 (La.App. 1 Cir.1959), we said:
“The test of total and permanent disability is whether the injured employee is capable of performing the work, or the occupation, in which he was injured at the time of the injury or whether he is able to do the kind of work he is trained to do or customarily does in the usual and customary way and without any serious impairment in his capacity to perform such work * * *. Further, in deciding cases of this character, each case must stand or fall on its own merits * * * ft
From the record, we gather that Mr. Peltier is a qualified electrician, with skill adequate to perform all of the duties of that trade. He has evidenced this fact by working steadily as such since recovering from his injury. In connection with his work, he has climbed steps and has worked on scaffolding. We do not think that the record reflects that he is working in disabling pain, or in pain of such a nature as to place him or his fellow workers in danger.
He has made no attempt to climb poles since his accident, and has not obtained or worn certain corrective shoes recommended by his physician.
Conceding, however, that plaintiff can no longer climb poles, we do not believe that this fact alone renders him permanently and totally disabled. In a field as broad as that of the electrician, offering as many opportunities for employment as it does, we do not believe that the inability to climb poles constitutes a “serious impairment” of one’s capacity to work as such. He may no longer be able to fulfill the duties of a “lineman electrician”, but he can do all required of an electrician in any other area, and has demonstrated his employa-bility as such.
On the other hand, the fact that he has a 20% disability of his foot is undisputed, and the defendant insurance company has made payments based on that fact. We think that the plaintiff is entitled to those benefits.
The judgment appealed from is amended, by reducing the award to $29.64 for 125 weeks, subject to a credit for amounts heretofore paid to plaintiff as compensation, and as amended, it is affirmed, at plaintiff’s cost.
Amended and affirmed.