BOUTALL, Judge.
This is a suit for workmen’s compensation. The plaintiff while working for Lum-mus, fell off a scaffold injuring his head and neck. Suit was brought for the maximum benefits of $65 per week for 500 weeks, plus 12% penalty and attorney’s fees, alleging permanent disability. Judgment was rendered below granting benefits of $65 for 100 weeks only, and plaintiff appeals.
The sole question before us is whether the plaintiff is permanently disabled under the Workmen’s Compensation Law so as to get maximum benefits.
It was stipulated that plaintiff had previously been paid $1,750.00 for a partial (7V¿ %) permanent hearing loss. The nature of his complaint in the present suit is recur *630 rent dizzy spells and related inability to climb or scale heights, and the wearing of glasses to compensate for cataracts which may have been caused by the fall. Plaintiff works as an electrician and is able to perform well all job related tasks except for working off the ground. Working out of the Union Hall, plaintiff in the year prior to trial had never been turned down for a job, but upon hiring out to Sharp Electric for a job at the U. S. Naval Hospital in Algiers, found he could not handle the job of laying electrical pipes in a ditch because of his condition, and was transferred to another Sharp Electric job at Kaiser Aluminum’s plant. He now works as electrician at the same pay as before, equal to other electricians of the same class and experience, but his supervisors limit him to nonclimbing duties.
Although plaintiff testified that he may not be able, in the future, to obtain work since it is necessary on most jobs for electricians to climb or work at heights, Mr. Ted-esco, his foreman at Sharp Electric, testified that there are jobs available where electricians need not climb. In fact, plaintiff’s evidence showed that he has worked satisfactorily at several such jobs over the year prior to trial.
The rule of law is that a worker is totally and permanently disabled when he is unable to do work of the same character as that which his training, education, and experience qualify him to perform, without unusual difficulty or danger. The worker who cannot perform a substantial portion of the work incident to his special occupation is thus considered totally disabled within the intendment of the law. Lawless v. Steel Erectors, Inc., 254 La. 37, 222 So.2d 849 (1969), affirming 209 So.2d 749 (La. App., 2nd Cir. 1968); Lindsey v. Continental Casualty Co. 242 La. 694, 138 So.2d 543 (1962).
All the evidence indicates that plaintiff continues to work at his same occupation and for the same wages. Although he cannot climb, the evidence as outlined above clearly shows that he can and, in fact, has performed substantially the same work as before his accident. This was the finding of the trial judge below who denied benefits for permanent disability, and we see no manifest error in this finding of fact. Absent same the judgment below must be affirmed on appeal. Canter v. Koehring, 283 So.2d 716 (La.1973).
It having been stipulated to by the parties that plaintiff has received some payment for partial disability, the statutory penalties do not apply.
Accordingly, the decision below is affirmed.
AFFIRMED.