TATE, Justice.
The plaintiff sues his employer and its insurer for workmen’s compensation benefits for total and permanent disability. The trial court awarded him benefits only for 100 weeks, and it denied his claim for total and permanent disability. The court of appeal affirmed. 355 So.2d 629 (La.App. 4th Cir. 1978).
We granted certiorari, 358 So.2d 640 (La.1978), upon the plaintiff’s complaint that the previous courts had applied an incorrect test as to the legal disability of a skilled workman.
The plaintiff has been a journeyman electrician for 31 years, working upon construction jobs as they occurred. At work on May 15,1974, he fell off a scaffold, injuring his head and neck. As a residual of his injury, without substantial contradiction, he suffers recurring dizzy spells and cannot safely perform climbing duties. (The medical evidence shows, by objective testing, that the dizziness and vertigo result from inner ear damage directly resulting from the accident at work.)
The previous courts found that the plaintiff was not totally disabled. The court of appeal points out that he “is able to perform well all job related tasks except for *994 working off the ground.” 355 So.2d 630. (Italics ours.) Working out of his union hall, and selecting those foremen who would permit him to work without performing the climbing duties, the plaintiff has suffered no loss of earnings; the previous courts felt this also to be significant.
However, the evidence also shows without contradiction that climbing is a normal part of the work that a construction electrician is called upon to do, although some work of electricians does not require climbing. The evidence likewise shows that the plaintiff was able to secure employment, without being required to perform the climbing duties normally expected of him, by personal arrangements with his respective foremen.
The circumstance that a disabled workman can obtain employment at the same pay in good times, or by sufferance of his foreman, is not determinative of his legal disability for purposes of the workmen’s compensation act.
Under well-settled principles of interpretation of the compensation statute applicable to the case, a skilled workman is deemed totally disabled within the intent of the then-applicable compensation law if he cannot perform a substantial portion of the work incident to. his special occupation— that is, if he is unable to perform the duties of the occupation for which his training, education and experience qualify him. Lucas v. Insurance Company of North America, 342 So.2d 591 (La.); Futrell v. Hartford Accident & Indemnity Company, 276 So.2d 271 (La.1973); Lawless v. Steel Erectors, Inc., 254 La. 37, 222 So.2d 849 (1969); Lindsey v. Continental Casualty Company, 242 La. 694, 138 So.2d 543 (1962).[1]
As these decisions note: The workman’s loss of the capacity to perform the full duties of his employment constitutes total disability, even though he actually performs his duties with assistance or actually secures employment through sufferance or at restricted duties and suffers no actual loss of earnings. By reason of his work-caused disability, and his incapacity to perform some of the substantial duties of his employment, the workman is thereby placed at a disadvantage in a labor market now restricted in opportunity to him because of his work-disability.
The previous courts were in error in failing to apply the jurisprudential principles set forth above. Under them, the plaintiff employee is entitled to be awarded benefits for total and permanent disability under the compensation statute in force at the time of his injury.

Decree

For the reasons assigned, therefore, we amend the judgments of the previous courts so as to hold the defendants liable to the plaintiff for weekly compensation at the rate of $65.00 per week during disability, not to exceed five hundred weeks in all, commencing May 15, 1974, with credit for compensation previously paid, and with legal interest upon each delinquent weekly installment from date of delinquency until paid. The defendants are assessed all costs.
JUDGMENT OF COURT OF APPEAL AMENDED SO AS TO AWARD THE PLAINTIFF EMPLOYEE COMPENSATION FOR TOTAL AND PERMANENT DISABILITY.

. The defendants cite and rely upon dicta in Peltier v. Liberty Mutual Insurance Co., 230 So.2d 591 (La.App. 1st Cir. 1970). That decision’s dictum is inconsistent with the jurisprudential principles set forth in the decisions of this court cited in the text.