BOLIN, Judge.
Plaintiff alleged he accidentally injured his back while employed as an ironworker for Steel Erectors, Inc. He sued his employer and its liability insurer for maximum benefits under the Louisiana Workmen’s Compensation Act. For brief reasons, incorporated in the transcript of testimony, the trial judge found plaintiff to be totally and permanently disabled and rendered judgment accordingly and defendants appeal.
The facts are not seriously disputed and we shall set them forth as we find them. On August 8,1966, plaintiff injured his back when he and a fellow employee were lifting a heavy steel beam. He was taken the same day to a hospital where his injury was diagnosed by Dr. Fred L. Price as a “mild compression fracture of D-ll and D-12”. He was hospitalized for about three days after which he returned to work for his same employer. Until November 9, 1966, he continued his employment with Steel Erectors where he performed substantially the same duties as he had before the accident. From November 9 until the date of the trial he continued working as an ironworker for various employers and lost very little time from work.
Plaintiff was examined on several occasions, beginning March 4, 1967, by Dr. Ray King, an orthopedic surgeon of Shreveport. Dr. Willis Taylor, an orthopedist of Shreveport, examined Lawless on April 1, 1967. Dr. Frank T. Dienst, Jr., of Shreveport, saw the patient May 5, 1967, for consultation on referral from Dr. King following a complaint by employee that he suffered a sharp pain in his back while employed by G. L. Jennings Company. He made no detailed *751 diagnosis and his report was on a form supplied him by the insurer.
At the time of his injuries plaintiff was performing the duties of an ironworker at $4.25 per hour. Between the date of his injury and the date of trial he satisfied the necessary requirements of his union and his classification was changed from apprentice to journeyman ironworker. Evidence shows the duties of an ironworker to be varied and complex. Some of the duties are intricate while others are simple; on occasions extreme physical exertion is required while other jobs necessitate little manual labor. There is also testimony that on many occasions a worker is required to work on steel structures several stories high and, as one witness said, “an ironworker must be like a monkey”.
Plaintiff’s suit is predicated upon his contention that there are a number of duties of an ironworker he is able to perform only with extreme pain. He candidly admitted during trial that he was not in constant pain and that when he did suffer he did not complain to his superiors because he wanted to work. Defendants, on the other hand, contend he is able to perform substantially all the duties of his trade and has, in fact, performed such duties almost without interruption from the date of his injury to the date of the trial. Defendants, in the alternative, contend if plaintiff is entitled to any compensation it is under La.R.S. 23:1221 (4) (p), which provides for a maximum award not to exceed 65 per centum of wages during 100 weeks to an employee where the usefulness of a physical function is seriously permanently impaired even though there is no resulting disability. Defendants offered to pay plaintiff $19.89 for 100 weeks, which tender was refused.
There are certain principles of law, developed by our jurisprudence, which are pertinent to the case now before us. One such principle is that an injured employee is not required to resume his work if he can do so only in substantial pain and suffering. Brannon v. Zurich General Accident and Liability Insurance Co., 224 La. 161, 69 So. 2d 1 (1953) and cases cited therein.
When at the time of his .injury an employee is engaged in a vocation which consists of multiple duties, the question of whether the injuries result in total and permanent disability must be decided by determining whether he can return to work and perform substantially all of his duties. If he is unable to perform some duties incidental to his employment the court must then decide whether such duties comprise a substantial part of his employment. Anderson v. Continental Can Company, 141 So.2d 48, La.App. 2 Cir. (1962) and cases cited therein.
Immediately upon conclusion of the trial the district judge stated: “According to the testimony of Dr. King we think that plaintiff is totally and permanently disabled. Dr. King testified that this man is able to do light work but could not do the heavy work required of an iron worker.”
Dr. Taylor examined plaintiff on April 11, 1967, for evaluation of his condition. From X-rays taken at that time he found plaintiff had a “slight anterior wedging of the D-ll and D-12 and L-l vertebral bodies”. He concluded the employee’s “residual partial permanent disability does not exceed 15% of the body as a whole and does not preclude performance of duties comparable to those at the time of the injury. Muscular strength should be preserved by exercising and continuous activity”.
We attach particular importance to the opinion of Dr. King, who saw and examined plaintiff on numerous occasions. He was the only doctor who testified at the trial. His conclusion was the same as that of Dr. Taylor except he believed there were certain strenuous duties of an ironworker which would cause plaintiff to have “bouts of pain at times”. Even though plaintiff’s injury to his back was healed, Dr. King would not recommend he attempt any work .calling for the lifting of heavy obj ects or working four or five floors up from the ground. He *752 stated, further, that stooping and squatting would especially tend to cause pain.
Applying the principles of law above enunciated and without reviewing the medical evidence in detail, we find the employee has shown by a preponderance of evidence his injuries render him unable to perform without appreciable pain substantially all the duties of an ironworker, which work he was doing when injured.
The judgment appealed from is affirmed at appellants’ cost.
Gladney, J., dissents from refusal.