BOLIN, Judge.
Plaintiff, an ironworker, received accidental injuries while employed by G. L. Jennings, d/b/a G. L. Jennings Construction Company. Plaintiff instituted suit against his employer and the compensation insurer, Coal Operators Casualty Company, under the Workmen’s Compensation Act for total and permanent disability benefits together with penalties and attorneys’ fees. From judgment in plaintiff’s favor for $3,000 he appeals. Defendant answered the appeal claiming judgment for a lump sum does not comply with the compensation statute and, also, that plaintiff has failed to prove any work-connected disability. However, in brief he has abandoned these defenses and now urges the correctness of the lower court’s award.
On December 21, 1966, while performing duties for Jennings as a journeyman iron-worker, plaintiff fell approximately twenty feet from a ladder causing injuries to his *432 back and leg. On the day of his injury he was treated by Dr. Fred L. Price who, on January 13, 1967, discharged him as being able to resume his work. Plaintiff returned to his employment as an ironworker about January 11, 1967, and worked for short periods of time for numerous employers until the date of trial on February 15, 1968.
The only physician who testified was Dr. Ray E. King, an orthopedic specialist of Shreveport, Louisiana. Two short written reports of Dr. Price were introduced into evidence by stipulation of counsel but they offer little aid to the court in determining the question of disability. Dr. King examined plaintiff on February 11, 1967, and many times thereafter. We shall set forth our appreciation of his testimony. Prior to the accident plaintiff had a congenital condition which Dr. King classified as “a first degree spondylolisthesis”, which is a slippage of a vertebra in the low back. The injury aggravated this congenital condition so as to render Mercer disabled to perform the more strenuous duties of an ironworker.
The lay testimony reflects an iron-worker has numerous duties, many of which require lifting heavy objects and working at high altitudes. All of the duties performed by plaintiff after his injury were light in nature. He testified that when called upon to perform strenuous tasks he was forced to seek other employment because of the intense pain.
An ironworker is a skilled employee. If he receives accidental injuries during the course and scope of his employment which render him unable to perform substantially all his duties except in pain, or without endangering himself or his coworkers, he is totally and permanently disabled under La.R.S. 23:1221(2) and the jurisprudence decided thereunder.
We conclude the medical testimony supports a finding of total and permanent disability in this case. There was no evidence that the back injury was temporary or that he would be able to resume his normal duties as an ironworker at any future date. There is no dispute concerning the rate of compensation payments or that the employer was subject to coverage under the compensation statute.
We find no error in the lower court’s refusal to award plaintiff penalties and attorneys’ fees. Likewise we find no evidence to support a claim for future medical expenses. Based on the reports of Dr. Price, Coal Operators Casualty Company tendered plaintiff compensation benefits for one or two weeks which payments were refused. Further, defendant Coal Operators paid $349.30 medical expenses incurred before trial. Under all the circumstances, we find the actions of defendants in refusing to make further compensation payments were neither arbitrary nor capricious.
For the reasons assigned the judgment appealed from is reversed and set aside and it is ordered that there be judgment in favor of plaintiff, Tex Carlton Mercer and against defendants, Coal Operators Casualty Company and G. L. Jennings, d/b/a G. L. Jennings Construction Company, in solido, in the full sum of $35 per week beginning December 21, 1966, and weekly thereafter during the period of plaintiff’s disability, not to exceed 400 weeks; that the claims of plaintiff for penalties and attorneys’ fees be rejected.
It is further ordered Coal Operators Casualty Company and G. L. Jennings, d/b/a G. L. Jennings Construction Company, be cast in solido for all costs of these proceedings, including the expert witness fee for Dr. Ray E. King which is hereby fixed at $100.