BOLIN, Judge.
William D. Berry instituted this suit for workmen’s compensation benefits against his employer, Monroe Welding Supply, Inc. and its insurer, The Employers’ Liability Assurance Corporation, Ltd., seeking benefits for total and permanent disability at $35 per week commencing July 19, 1967. From judgment rejecting his demand plaintiff appeals.
It is undisputed plaintiff suffered two on-the-job accidents, the first occurring February 9, 1967, and the second July 19, 1967. On the first occasion plaintiff lowered an oxygen tank from the bed of the truck which he used in his work as a route salesman for his employer. He felt a catch in his back and had difficulty in straightening up. He was hospitalized and remained in the hospital for eight days. He was examined by Dr. Cummins and subsequently by Dr. Frank X. Cline, an orthopedist, who diagnosed Berry as suffering from' an aggravation of an existing spondylolisthesis, grade 1, of the 5th lumbar vertabra. Dr. Cline gave the following medical opinion as to the nature of this condition:
“This is an extremely common condition. Mechanical defects of the low back occur in statistically between 5 and 6 percent of the adult white male population, so defects of this sort and similar defects are very common. Spondylolisthesis probably occurs or accounts for approximately half the adult developmental defects. It used to be thought that this was an inborn defect of the last lumbar vertebra but subsequent research has shown that it is not present at birth in children but occurs as a fracture or injury probably sometime in early life, between probably the 7th and 13th years of age. When the supporting portion of the vertabrae is incompletely formed then you are susceptible to injury. This injury may or may not be recalled by the youth but due to the resiliency of the supporting structures, the youthful back will remain asymptomatic in most cases. A person can indulge in very strenuous occupations during his young life and not have any symptoms of backache. Usually about the late 30’s or early 40’s, however, some trivial little injury will occur and these things suddenly become symptomatic and lead him to the physician and x-rays are made and a diagnosis of spondylolisthesis. These people have a mechanical defect in the weight-bearing portion of the vertebra * # * ”
On July 11th Dr. Cline examined Berry and found he had a full range of motion. The doctor recommended he return to work and use the back support as needed but to try to avoid lifting full cylinders at that time.
Berry returned to the doctor on July 20, 1967, complaining of symptoms comparable to those suffered following the first acci *35 dent. He stated he had lifted a full acetylene cylinder the previous day. He was hospitalized for additional conservative treatment, i. e., pelvic traction, muscle relaxing drugs, pain relievers and heat massage. He was discharged from the hospital on July 29th and was seen periodically by the doctor until November 6, 1967. On that date Dr. Cline discharged plaintiff since, in his opinion, plaintiff had returned to a pre-accident situation. He' wa's advised to use caution in lifting and was advised not to lift extremely heavy objects. The doctor testified he examined Berry again on September 20, 1968, at which time plaintiff did not have any symptoms.
The evidence establishes that following the recovery from his second accident Berry was taken off the large truck and a van-type truck was purchased for him. He was assigned the position of salesman.
In support of his appeal plaintiff has cited numerous cases including: Anderson v. Continental Can Company, (La.App. 2 Cir. 1962), 141 So.2d 48; Lawless v. Steel Erectors, Inc., (La.App. 2 Cir. 1968), 209 So.2d 749; Joseph v. Aetna Insurance Company, (La.App. 1 Cir. 1966), 183 So.2d 762; Bellard v. Insurance Company of North America, (La.App. 3 Cir. 1967), 193 So.2d 922; Carlock v. Gross, (La.App. 4 Cir. 1967), 200 So.2d 353; Mercer v. Coal Operators Casualty Company, (La.App. 2 Cir. 1968), 212 So.2d 431; Skyles v. United Investment Corp., (La.App. 2 Cir. 1950), 46 So.2d 662; and Malone, Louisiana Workmen’s Compensation, Section 274 (1964 supp.).
We have examined the cited authorities and find them inapplicable for the reason that in some instances the worker was found to be disabled, due to injury, to do a substantial portion of the work he was performing at the time of the injury while in other cases the court found the employee was disabled when resumption of his work would cause substantial pain and suffering.
In the case before us the trial judge assigned written reasons for his judgment holding plaintiff was not disabled from the injuries he received. In his reasons he stated :
“Summarizing the testimony of the witnesses, the plaintiff, prior to his injuries in February was suffering from spondy-lolisthesis, a mechanical weakness of his back. He received trauma on February 6, 1967 from which he recovered. Again in July, 1967, he had another accident, aggravating his back and from that accident, according to Dr. Cline, he had fully recovered. When Dr. Cline discharged him, he discharged him as having fully recovered, but he advised him not to do any heavy lifting, not because of the injury that he had received in the accident, but because of the mechanical weakness of his back that existed prior to his first injury.”
In the instant case plaintiff testified he had some slight pain on occasion but that he had missed only one or two days of work since his second accident. Other than these days he has worked regularly from his return to work in November, 1967, until September 18, 1969, the date of trial. These facts, coupled with the testimony of the treating physician that plaintiff had recovered from the effects of the accidents and had returned to his pre-accident situation, leads us to agree with the trial judge that plaintiff has failed to prove he is permanently and totally disabled within the meaning of the Louisiana Workmen’s Compensation Act.
For assigned reasons the judgment of the trial court is affirmed at appellant’s cost.