HAWTHORNE, Justice.
 

 The only question presented for our consideration in this case is the correctness of judgments of the district court and the Court of Appeal allowing credit against a workmen’s compensation award for wages paid the employee during the period of disability.
 

 Harold Joseph Madison, a common laborer, instituted this suit against the American Sugar Refining Company, contending that due to an accident occurring in the course and scope of his employment by that company he suffered a ruptured intervertebral disc which rendered him totally and permanently disabled. He prayed for judgment for the maximum workmen’s compensation benefits allowed by the compensation act.
 
 *411
 
 The defendant pleaded the prescription of one year, denied that plaintiff’s injury was caused by an ' accident in the course and scope of his employment, and also denied that plaintiff was totally and permanently disabled.. . ■
 

 The district court overruled the plea of prescription, found that the plaintiff had suffered an accident in the course and scope of his employment and was totally disabled as a result, and awarded him maximum compensation benefits beginning March 7, 1959. The court, however, allowed the defendant a credit for all wages paid to the plaintiff beginning September 16, 1959.
 

 The district court allowed this credit for wages paid during the period of disability because commencing on that date he was assigned to work which required lighter duties and less strenuous physical effort than his previous work
 
 [1]
 
 assignments had required, and he was paid at'virtually the same hourly fate as he was paid before.
 

 Both plaintiff and defendant appealed to the Court of Appeal, Fourth Circuit. That court amended the judgment so as to allow defendant credit for wages paid to the plaintiff between March 7 and September 15, 1959, against compensation due him. In all other respects the judgment was affirmed. See 134 So.2d 646.
 

 After the accident plaintiff resumed his employment with the defendant at the same rate of pay as before the accident, and he continued to perform similar work until his new assignment on September 16. Under these circumstances the Court of Appeal concluded that since the plaintiff was performing work of a character similar to-that which he had performed before his injury,, the defendant was entitled to credit for all wages it paid him after disability. The Court of Appeal found, and we think correctly, that plaintiff was an unskilled worker or common laborer, and that all of his work assignments after disability were similar tO' those which he had performed before the accident.
 

 From this judgment plaintiff applied to' this court for a writ of review, urging that the judgments of the district court and the Court of Appeal be amended “so as: to eliminate the credit granted the employer, The American Sugar Refining Company,” for wages paid.
 
 [1]
 

 Since the credit for wag-es allowed' defendant by the Court of Appeal exceeded the maximum amount awarded plaintiff for compensation, plaintiff was, in effect, denied compensation. Defendant did not apply for a writ to this court, but filed an “opposition and answer” to plaintiff’s.
 
 *413
 
 application -in which it prayed in the alternative that in the event this court should grant the writ, the issues of disability and prescription be reviewed. Since defendant failed to apply to this court for writs, we cannot review the Court of Appeal’s judgment on the plea of prescription and its finding that plaintiff was totally and permanently disabled.
 
 [2]
 
 It is well settled in the jurisprudence that where a writ of certiorari is granted on the application of one party to a suit, the other party who has not applied for a writ of review cannot have the judgment amended or ■changed to his benefit, and that the review by the Supreme Court will be confined to the complaint of the party at whose instance the writ was granted. D. H. Holmes Co., Ltd. v. Morris, 188 La. 431, 177 So. 417, 114 A.L.R. 905; Washington v. Holmes & Barnes, Ltd., 200 La. 787, 9 So. 2d 35; Osborne v. Mossier Acceptance Co., 214 La. 503, 38 So.2d 151; see Jones v. Hogue, 241 La. 407, 129 So.2d 194,
 

 The sole issue before this court is, as stated above, whether credit should be allowed. The facts pertinent to the question of credit are these: When the back injury which ultimately caused plaintiff to be totally and permanently disabled
 
 [3]
 
 first manifested itself in March, 1958, he was working as a common laborer stacking sacks of sugar in boxcars, and was classified as a “storer”, a job that he had performed for defendant for 20 years alternately with other jobs classified as “car bracer” and “lift operator”. He continued to perform these jobs alternately as defendant’s business required until February, 1959, when he was hospitalized for approximately six days and his injury was diagnosed as a ruptured intervertebral disc. After his hospital confinement he returned to work in the same manner as before, being classified alternately as “storer”, “car bracer”, and “lift operator”, but the plaintiff testified that after his hospitalization he never again lifted heavy sacks such as he had been lifting when he worked as a “storer”. On September 16 the job of “power sweeper operator” became available and was given to him because of his seniority. This
 
 *415
 
 is a much easier job than his others, requires v.ery little physical effort, and pays only slightly less, an hour, than his other job classifications.
 

 The Court of Appeal considered under the holdings in Mottet v. Libby-Owens-Ford Glass Co., 220 La. 653, 57 So. 2d 216, and Myers v. Jahncke Service, Inc. (La.App.), 76 So.2d 436, that the employer was entitled to credit for every week that the employee worked after the commencement of disability in March, 1959, because he continued to work as a common laborer, no matter what the job classifications were, and thus was performing services similar in character to those which he performed before his injury. After the judgment of the Court of Appeal this court decided the case of Lindsey v. Continental Casualty Co., 242 La. 694, 138 So.2d 543, wherein it was recognized that there are divergent views on whether credit should be granted to the employer or insurer for wages paid the employee during the period of total or partial disability, but that this court considers the sound view to be. that credit should be granted when the wage payments are made in lieu of compensation. The basic test for determining whether they are made in lieu of compensation is whether the wages paid after the injury are actually earned. This, of course, is determined by the facts and circumstances of a particular case. The fact that the services performed after the injury are similar, or dissimilar, to the services performed before may be relevant to the question of whether the wages are actually earned, but it is not decisive of it. In the instant case there is no doubt, and the defendant does not contend otherwise, that the wages were fully earned after the injury. The granting of credit was erroneous in this case under the authority of the rule laid down in the Lindsey case.
 

 For the reasons assigned the judgment of the Court of Appeal is amended by disallowing to defendant any credit for wages paid to plaintiff against the compensation found to be due him. In all other respects the judgment is affirmed. Defendant is to pay all costs.
 

 [2]
 

 . In brief filed in this court since the argument of the case defendant argues that this general prayer was its application for review. Our rules refute this argument. Rule XII, Section 5, of the rules of'this court sets out the procedure by which the opposing party may also apply for the issuance of writs if it also desires* this ■court to review the judgment of the Court of Appeal. The general pray.er of opponent, which does not give us the ■benefit of an assignment of errors cornplained of in the opinion and decree in the Court of Appeal, separately briefed on the facts and the law, would not warrant this court’s consideration. We did not consider it in any sense an application in this case.
 

 [3]
 

 . The Court of Appeal must have been of the view that due to the accident and the injury plaintiff, a common laborer, was unable to compote with others in the common labor market.