ON APPLICATION FOR REHEARING
MILLER, Judge.
Plaintiff contends that just as he was “lulled” as to his claim for medical expenses, he was also lulled as to his compensation claim. The dissenting opinion supports this view.
Plaintiff returned to work in February 1968. It was admitted by both plaintiff employee and defendant employer that the ONLY task plaintiff did not consistently perform upon his return to work was walking the levees. Tr. 77, 91. However, defendant testified at Tr. 103 that plaintiff would “sneak out” and walk the levees at times. Plaintiff’s father-in-law testified at Tr. 113, 115, 117 that at least by April 1968, plaintiff worked from early in the morning until late at night and that “I never seen anything he couldn’t do.” At Tr. 115, he testified that plaintiff walked one and a half miles to defendant’s house after a tractor broke down one day and that: “At the time he was planting rice (April 1968, Tr. 113, 114) he was earning his pay, because he was putting in a big day.” Plaintiff himself admitted that he began earning every cent of his pay by May of 1968. Tr. 85. Therefore, at least by May, 1968 (and the record supports the trial court’s determination that by March, 1968) plaintiff was earning his wages.
At Tr. 157, plaintiff responded to the following cross-examination:
“Q. And he didn’t promise you anything after you went back to work, did he, sir ?
*752 A. Other than he was going to take care of the bills.
Q. The medical bills. That’s the only thing he told you that he would take care of?
A. Yes, sir.”
Plaintiff readily admitted at Tr. 156 that defendant NEVER indicated that the salary would be paid if plaintiff did not see an attorney. From February 1968, there were no promises or words by the employer to suggest that plaintiff was being lulled.
At the conclusion of the trial of the exception of prescription, the trial court ruled on the contention that plaintiff was lulled into a false sense of security. The following ruling is entirely correct as to the compensation claim.
“. . . I waited for (lulling) to come up and there was no evidence brought into the record or anything to indicate that (plaintiff was lulled) ... I waited to hear it, but it didn’t come into the record . . . there was no evidence on it.” Tr. 171. (Parenthetical additions by the writer.)
There is no manifest error in the holding that plaintiff earned every penny of his salary after March 1968. On that finding the case of Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972) is distinguished.
Applicable here is the holding in Richard v. Liberty Mutual Insurance Company, 188 So.2d 432 (La.App. 3 Cir. 1966). We there recognized that where an employee is injured, does not return to work, is paid a portion of his wages, and there is no explanation by the employer as to the nature of these payments, these are “wages not earned” and it is presumed that they were made in lieu of compensation. Prescription is thereby interrupted. However, the employer in Richard had adequately explained the narure of the payments and prescription accrued.
If a claimant earns every cent of wages paid, the wages are not paid in lieu of compensation. Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377, 380 (1962); Harrell v. Travelers Insurance Company, 255 So.2d 410, 412 (La.App. 1 Cir. 1971); Daigle v. Liberty Mutual Insurance Company, 205 So.2d 507, 509 (La.App. 3 Cir. 1967). Plaintiff’s wages paid after March 1968 were not paid in lieu of compensation and according to the jurisprudence, plaintiff was not “lulled” by their payment.
The application for rehearing is denied.
CULPEPPER, J., is of the opinion a rehearing should be granted.