WATSON, Judge
(dissenting):
I dissent, being of the opinion that the trial court erred as to the applicable law *712 and that the judgment should be reversed. The plaintiff is entitled to benefits for total and permanent disability and to penalties and attorney’s fees for failure to pay compensation from January 22,1975 to September 19,1975. In order to explain my views, I will discuss both the facts and the law.
Bracey’s work involved the lifting and moving of heavy furniture and appliances. He was injured on October 23, 1974, when a freezer fell and fractured his right ankle. It is undisputed that Bracey has never returned to the full performance of his former duties. His treating physician, Dr. John T. Weiss, an orthopedic surgeon, recommended “light work” on April 3, 1975. Defendants paid Bracey compensation for 13 weeks at $65 per week through January 22, 1975, or a total of $845 plus medical expenses of $412.74. Bracey returned to “light duty” April 4, and received neither compensation nor salary for the ten weeks between January 22 and April 4. No mention is made by the trial court of the ten-week gap. Dr. Weiss discharged Bracey on September 19, 1975, but recommended treatment by another physician.
The trial court concluded that Bracey is not disabled as a result of the ankle injury, which Dr. Weiss said caused a 10% residual impairment of the right leg. According to the reasons for judgment, the trial court found the “compensation or salary” (Tr. 49) paid for Bracey’s light work prior to his discharge by his employer, were ample to compensate for this injury. The wages paid were fully earned, according to the record, and the defendants are not entitled to claim them in lieu of compensation. Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377 (1962). There is no question whatsoever that Bra-cey is entitled to compensation from January 22, 1975 until September 19, 1975 and for penalties on this amount plus attorney’s fees.
Bracey is presently disabled and, according to the medical evidence, the problem with his left leg will get progressively worse. The basic question on appeal is whether his condition was caused by the accident.
Bracey’s present inability to perform the duties of his former occupation was attributed by Dr. Weiss and the trial court to a pre-existing venereal disease, previously asymptomatic, which has affected Bracey’s left knee, resulting in a Charcot joint. Bra-cey attributes the problem with his left knee to an attempt to shift his weight from his injured right ankle. Dr. Weiss, whose deposition is the only medical evidence, said this was possible:
“Because there could be a slight increase in stress.” (TR. 42)
* * * * * *
“. it could conceivably have caused a minimal amount of stress on the knee that he might not have had otherwise.” (TR. 43)
ifc Sfc if! * * Jf!
“. . .it might have shown up two or three months sooner . . . . Progressed it, . . (TR. 45)
The only medical evidence is the deposition of Dr. Weiss. He initially saw Bracey on the date of the accident, October 23, 1974, when he diagnosed an undisplaced fracture of the medial malleolus of the right ankle. The ankle was immobilized with a long leg cast, which remained until December 19. Bracey was then instructed to wear an elastic hose. He continued to have swelling — more in February than the doctor expected. Bracey was placed in a short leg cast on February 6, 1975, which was removed February 20 when he was returned to the elastic hose and instructed to wear a “steel shank lace up shoe”. The swelling continued through March to April 3, when Bracey still had some swelling, but Dr. Weiss recommended his return to light work at that time. Dr. Weiss continued to see Bracey until September 19, 1975 when he gave him a 10% disability of the right leg but recognized that he was suffering from a disabling condition of the left knee due primarily to a venereal disease. Dr. Weiss emphasized that Bracey would have become disabled through the knee condition regardless of the ankle injury. However, *713 he also recognized that the ankle injury may have accelerated the development of the disabling knee. He also added that some of the prolonged edema (swelling) of the ankle was connected with the disease.
It is true that Dr. Weiss continually used the terms “might” and “possible” in connection with the acceleration of the knee condition by the ankle fracture. However, my study of his entire deposition convinces me that he found a causal relationship. An important fact, in my analysis, is that Bra-cey never regained the ability to return to his previous employment; he has been continuously disabled from the date of the ankle fracture.
According to the uncontradicted testimony of Bracey and two co-workers, Willie Davis and Milmon Frazier,[1] Bracey had no complaints about his legs and no problem with the heavy lifting required by his job until the accident. Bracey had worked at the same job for seven years without difficulty. The presumption in such a case is that the accident caused the disability. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La., 1973). The trial court erred as a matter of law in failing to apply this presumption.
“. . .a claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, provided that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disability condition.” Bourque v. Monte Christo Drilling Corporation, 221 So.2d 604 at 606 (La.App. 3 Cir. 1969).
Coverage is afforded under the compensation act if disability results from an accident which accelerates [or, as Dr. Weiss put it, “progressed”] the onset of a pre-existing disease. Porter v. Augenstein Construction Company, 280 So.2d 861 (La.App. 3 Cir. 1973).
If Bracey’s, fractured ankle caused, precipitated or accelerated the disabling Char-cot joint, he is entitled to total and permanent benefits.
“It is immaterial that the disability could have been brought on by causes other than a work-related trauma, if, in fact, trauma on the job which meets the standards of accidental injury is a disabling factor.” Parks v. Insurance Company of North America, 340 So.2d 276 (La., 1976).
The line of cases exemplified by Prim v. City of Shreveport, 297 So.2d 421 (La., 1974), was relied on by the trial court and is urged by counsel for defendants. The present case is distinguished from Prim in that there was no indication that a work-related accident had caused or accelerated plaintiff’s stroke in Prim. The medical testimony was to the contrary, that is, the stroke could not have been caused by the minor injury to the leg. Here, Bracey was disabled as a result of the ankle injury for almost a year; he was placed in a cast for two months and then on a second occasion for three weeks. He never returned to his full duties. According to plaintiff, his leg continued to swell when he attempted light work. This was confirmed by his co-worker, Frazier.
Accordingly, I would hold that Bracey is entitled to a judgment for total and permanent disability benefits. In view of the failure to pay compensation from January 22, 1975 until September 19, 1975, penalties and attorney’s fees should be granted for that period. Following September 19, 1975 there was a reasonable dispute as to causal connection and penalties would be inappropriate.
I respectfully dissent.

. There is no other testimony in the record except Weiss’ deposition.