Dear Mr. Bossier:
I am in receipt of your opinion request wherein you request an opinion in reference to an employee who was receiving workers' compensation benefits that were subsequently terminated. You have indicated the following factual situation:
 On September 20, 1991, a clerical worker for the school board had an alleged injury while working for the school board. The employee's workers compensation benefits were terminated on April 21, 1993 due to the fact that a position was available to which the employee could return and the claims adjuster's physician released the claimant to return to work as a bookkeeper on February 17, 1993. The claimant appealed the termination of benefits and never returned to work. The hearing was scheduled for March 19, 1994. The school board voted to pay the employee for full wages and made it retroactive to July 23, 1993, the beginning of the fiscal year. The school board allowed the employee to continue participation in both the Louisiana Teacher's Retirement Program and Group Health Insurance Program.
You also indicated on the phone that the termination of the employee's benefits was affirmed at the hearing in March of 1994. Based on this information, in your first question you ask whether the School Board is in violation for continuing to pay this employee when she had no available leave or workers' compensation
Also, you ask whether it is legal for this employee to continue participating in employee benefits program.
Pursuant to LSA-R.S. 23:1221 (1), workers' compensation shall be paid for a temporary total injury:
 (a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
This statute also provides that:
 (d) An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required, or six months after the injury, whichever first occurs. If the claimant contends that his disability is of a temporary nature, but extends beyond this six-month period, he must submit a claim for extension of the period of temporary total disability under. (Emphasis added).
In the present case, you have indicated that the claim's adjuster's physician released this employee to return to work on February 17, 1993. Also, the employee's workers' compensation benefits were terminated on April 21, 1993 due to the fact that a position was available to which the employee could return but failed to do so. As indicated in R.S. 23:1221 (1) (d), an award of benefits shall cease when the physical condition of the employee has resolved itself to the point that regular treatments of a physician are not required. Since the benefits had been terminated in this instance, the school board would have had to have some other basis whether statutory or contractual, in order to legitimate their continued action of paying this employee without available leave or workers' compensation.
The Louisiana Constitution of 1974 Article VII Section 14 (a) prohibits the gratuitous donation of public funds. The cases that exist interpreting this constitutional provision hold that this section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. (See Beaird-Poulan, Inc. v. LouisianaDepartment of Highways, 362 F. Supp. 547 (W.D. La 1973) and Cityof Port Allen v. Louisiana Risk Management. Inc., et al,439 So.2d 399, 401 (La. 1983).
In Attorney General Opinion 86-852, the Director of Public Works questioned the payment of wages to employees for forty hours when the time cards did not indicate that the employees had worked forty hours. This office opined that the payment of funds as wages for hours which had not been earned would be a donation of public funds and a violation of Article VII, Section 14 of the Louisiana Constitution.
In Opinion Number 90-358, the author of the opinion further clarified what would constitute lawful compensation for labor or services. He stated:
 Louisiana Constitution Article VII, Section 14
(1974) prohibits the donation of public funds, but does not prohibit the lawfully authorized payment of compensation for labor or services provided in the course of employee. The employee benefits of annual leave, sick leave, and a reasonable severance pay in this context are not considered donations to the extent they are fulfillments of implied or express conditions of the employment contract. However, to serve a public purpose and provide a public benefit such benefits must be reasonable. There must be some congruity with the nature of the services rendered and some uniformity with the same type of benefits accorded other employees.
As discussed by the author of the opinion, the Attorney General in a long series of opinions has interpreted the constitutional prohibition of Article VII Section 14 to require a three-fold predicate for the lawful expenditure of public funds which is not donative. First, the political subdivision must have either a legal obligation or delegated authority to do so. The second and third requirements for a non-gratuitous alienation of public funds are that it be for a public purpose and that it create a public benefit proportionate to the value of the public property or funds alienated or transferred. Therefore, the Attorney General's three-point analyses of Article VII, Section 14 questions legal obligation, public benefit and proportionality.
According to your opinion request and a telephone conversation with Lynn David, Business Manager at Point Coupee Parish School Board, it is understood that the School Board does not have a written or unwritten policy to allow an employee to continue receiving wages when the employee's workers' compensation benefits have been terminated and the employee has appealed. Also, there is no constitutional obligation to pay such wages and no public purpose in doing so. Since payment of these wages fails the three-prong test as discussed above, the payment of such wages would be in contravention to Article VII, Section 14 of the Louisiana Constitution of 1974.
Next, you ask whether State Claims Adjuster, Inc., or any other agency, is legally allowed to take a credit against wages paid to the employee by the School Board? You also ask our office to clarify Attorney General Opinion 90-188 and state exactly what a school employee is allowed in sick leave benefits and workers' compensation benefits as well as benefits for a teacher.
In Attorney General Opinion 90-188 the requestor asks whether school employees as defined by LSA-R.S. 17:1205 are entitled to collect both sick leave benefits and workers' compensation benefits and if so, are they limited to the collection of combined benefits only up to an amount equal to their regular salary? The author of the opinion, Charles Yeager, stated thatschool employees may receive both workers' compensation benefits, where applicable, and sick leave benefits, regardless of whether the combined sum exceeds their regular salary. The author notes that since this is not prohibited by legislation, it is permitted.
However, as discussed by Mr. Yeager, LSA-R.S. 17:1201 which pertains to teachers, does not authorize the collection of combined benefits. It limits the sick leave benefits which may be used concurrently when workers' compensation benefits may also be collected. As indicated by Mr. Yeager, a teacher is entitled to workers' compensation benefits pursuant to LSA-R.S. 23:1031 et seq., regardless of LSA-R.S. 17:1201. Specifically, LSA-R.S.17:1201 D (1) states that ". . . in no event shall such benefits exceed the total amount of the regular salary the member of the teaching staff was receiving at the time the injury or disability occurred . . ." As indicated in Attorney General Opinion 92-39, Opinion Number 90-188 is still the opinion of this office.
Also, you ask whether State Claims Adjusters, Inc., or any other agency, is legally allowed to take a credit against wages paid to a employee by the School Board? You have attached a letter from State Claims Adjusters wherein a school bus driver was receiving wages and workers' compensation. It appears that she was taking either sick leave or annual leave at the same time she was receiving workers' compensation. The wages the school board was paying her was her salary minus the cost of a substitute driver. State Claims Adjusters is taking a credit for the difference she is being paid in wages by the School Board and the amount that State Claims is paying her in workers' compensation.
LSA-R.S. 23:1206 states the following in reference to deductions that can be made by an employer or can insurer:
 Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made a compensation.
In Basco v. State of Louisiana Department of Corrections,335 So.2d 457 (1st Cir. 1976), the court held the following:
 It is well settled that an employer and his insurer are not entitled to credit, for wages paid against compensation due unless the wages are unearned and may therefore said to be in lieu of compensation. If wages are earned in a different class of employment, the employee is entitled to both wages and compensation. Whether or not wages are earned is a factual determination to be made in the light of the circumstances of each individual case. Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377.
In Basco a state employee, after being disabled from performing his job as a prison farm supervisor, worked for and earned wages paid him as prison guard during a particular time period. The court held that state and its workers' compensation insurer were not entitled to credit against compensation due for such period on the grounds that the employee's earned wages were being paid in lieu of compensation.
In, Keys v. Rockwood Insurance Company, 502 So.2d 223, (3rd Cir. 1987), defendant's employer and insurer contended that they were entitled to an offset of any compensation paid by the employer or any amounts earned by plaintiff from the time of the accident to the date of trial. The court stated that it is well settled that an employee and his insurer are not entitled to credit for wages paid against compensation due unless the wages are unearned and may therefore be said to be in lieu of compensation. The court held that the defendants were entitled to a credit for the amount of unearned compensation previously paid.
In the present case, since plaintiff was paid wages for a time period in which she did not work, the wages should be classified as unearned and State Claims Adjusters should have had a right to take a credit for the monies the School Board paid to plaintiff.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ________________ Beth Conrad Langston Assistant Attorney General