| iCALOGERO, Chief Justice,
dissenting.
I dissent from the majority’s denial of the rehearing. In their rehearing application, plaintiffs sought to have reconsidered two aspects of this Court’s judgment. First, there is plaintiffs’ assertion of Reva Spiegal’s entitlement to Lejeune damages. On that issue, I am in agreement with the majority that the rehearing application has no merit. Contrary to the majority, however, I believe that second issue raised by the application has merit, plaintiffs’ claim being that the judgment against Fireman’s Fund should be in the sum of $10,000, not $7,500, and that this issue was properly before this Court upon original hearing.
Plaintiffs settled with and released their uninsured motorist carrier, Allstate Insurance Company, for $18,500. Consequently, Allstate became subrogated to the plaintiffs’ rights against Fireman’s Fund, insurer of the defendant tortfeasor, Patrice Brown. Allstate in turn made a claim against Fireman’s Fund which was settled for $2,500. In the court of appeal, plaintiffs sought the $20,000 maximum under the 10/20 policy and were awarded $17,500. The court of appeal had credited Fireman’s Fund for the $2,500 payment in settlement with Allstate and deducted that amount from the policy limit in computing plaintiffs’ judgment. This Court, however, determined that plaintiffs’ dual recovery (Edward’s personal injury and Reva’s loss of consortium) was subject to the $10,000 policy limit and reduced that amount by $2,500 for an award of $7,500. This Court further found that the merits of plaintiffs’ entitlement to the $2,500 was not properly before this Court because plaintiffs had raised the issue in their brief and had |2not sought writs on the issue. In their application for rehearing, plaintiffs contend that even conceding the correctness of a $10,000 limit for their claims (this Court’s finding in its original opinion), the $2,500 reduction from $10,000 to $7,500 was legally wrong and, moreover, that their failure to seek writs on this issue did not preclude this Court from its consideration on original hearing.
In its original opinion, this Court disposed of this issue in a footnote, stating that the plaintiffs’ failure to file a writ application with this Court contesting this issue precluded consideration of its merits.[1] I perceive that this summary determination is not a considered majority resolution on this important legal issue because the plaintiffs’ entitlement to the $2,500 was such an inconsequential matter in this case and a grant of rehearing at this stage would serve to retard the finality of a case that has long been in litigation. Therefore, I do not believe that the resolution of this issue in the footnote would be the majority view on this matter if it came before us again.
With regard to the disputed issue as to whether the plaintiffs are entitled to urge in defense of the court of appeal judgment their entitlement to the $2,500 notwithstanding their failure to seek writs on this issue, I am of the belief that the issue was properly before us upon original hearing for the following reasons.
Article 2164 of the Code of Civil Procedure states that the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. See La. Code Civ. Proc. Ann. art. 2164 (West 1961). Code of Civil Procedure article 2133 B complements article 2164 when it states that a party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may *1389 assert in support of the judgment any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs. La.Code Civ. Proc. Ann. art. 2133 B (West Supp.1997); Succession of Doll, 593 So.2d 1239, 1244 (La.1992). A plaintiff who is victorious in the court of appeal can support that judgment in this Court, albeit on different grounds, without seeking a writ application. Doll, 593 So.2d at 1244. In their brief to this court, one of the grounds that plaintiffs urged which would support the court of appeal judgment to the extent of $10,000 of the Ib$17,500 recovered in the court of appeal was their entitlement to $10,000 without a corresponding reduction of $2500 in competition with Allstate’s UM subrogated $2,500 claim.
I recognize that plaintiffs could not increase their $17,500 court of appeal award without seeking writs in this Court from the court of appeal judgment. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (La.1971); Madison v. American Sugar Refining Co., 243 La. 408, 144 So.2d 377 (1962) (where certiorari is granted on application of one party, judgment cannot be amended to the benefit of parties who failed to apply for review). But, plaintiffs came to this Court as respondents with a $17,500 judgment from the court of appeal. They are entitled to defend any part of that $17,500 by any argument supported by the record. Consequently, there was, and is, no procedural bar to our hearing the merits of their entitlement to the $2,500 portion of the $10,000 judgment, as no greater monetary relief would be awarded the plaintiffs than that which they received in the court of appeal. See Roger v. Estate of Moulton, 513 So.2d 1126, 1137 (La.1987), reh’g granted, (Calogero, J. dissenting).
Additionally, plaintiffs’ argument that they are entitled to the full $10,000 policy limit without the $2,500 reduction is likewise meritorious. When the UM insurer’s payment to its insured is insufficient to cover the amount of the insured’s damages, the UM insurer, in this case Allstate, becomes partially and sub-ordinately subrogated to the rights of the plaintiffs, who are the original subrogors. Egros v. Pempton, 606 So.2d 780, 784 (La.1992); Bond v. Commercial Union Assurance Co., 407 So.2d 401, 409 n. 2 (La.1981). If partial, subordinate subrogation occurs, plaintiffs are entitled to be paid the balance of their unpaid damages in preference to Allstate, the insurer-subrogee, which ensures their full recovery. Egros, 606 So.2d at 784; Bond, 407 So.2d at 409 n. 2; Southern Farm Bureau Casualty Ins. Co. v. Sonnier, 406 So.2d 178 (La.1981). Consequently, in this case, plaintiffs are entitled to the full $10,000 policy limit without a $2,500 reduction because at the time of the Fireman’s Fund settlement with Allstate, plaintiffs had yet to recover the full amount of their damages.[2]
For these reasons, I respectfully dissent from the majority’s denial of rehearing.

. Spiegal v. Fireman's Fund Ins. Co., 96-C-3028, p. 12 n. 11 (La.7/1/97), 696 So.2d 569.

. The court of appeal upheld both Mr. Ferrell’s award of $475,000 in general damages and $14,-098.06 in special damages for injuries sustained in the accident and Mrs. Ferrell’s award of $25,-000 for her loss of consortium, yet all but $10,-000 was uninsured. Spiegal v. Fireman's Fund Ins. Co., 92-2116 (La.App. 4 Cir. 7/31/96), 680 So.2d 690.