Dear Mr. Hue:
This office is in receipt of your request for an Attorney General's opinion on the issue of whether or not a Parish Council on Aging can retroactively increase the rate at which an employee earns leave time.
According to your correspondence, the Director of the St. Martin Parish Council On Aging had a long-term illness and was away from her job beyond her accrued leave time in FY 2000. The Board of Directors approved payment of her salary beyond her earned leave time. The amount paid above her earned leave time was $7,312.00. Subsequently, the independent audit of the St. Martin Council On Aging found this action to be in violation of La. Const. Art. VII, Sec. 14. Based upon that finding, the Governor's Office of Elderly Affairs instructed the St. Martin Parish Council On Aging to have the Director reimburse the amount she had been paid in a lump sum to the Council On Aging. Instead, the Board of Directors of the St. Martin Parish Council On Aging decided to allow the Director to apply leave time earned in the future until she had paid back all the unearned leave taken in FY 2000. The Governor's Office Of Elderly Affairs informed the Council On Aging that it believed this action also violated La. Const. Art. VII, Sec. 14.
The St. Martin Parish Council On Aging is now considering increasing the rate at which employees with twenty or more years of service earn leave time. The Board of Directors of the Council On Aging is planning to make this action retroactive for an unspecified number of years. Your office would like our opinion with respect to the action being considered by the St. Martin Parish Council On Aging, in order to better inform and advise the Board of Directors.
As you are aware, your request must be addressed in light of La. Const. Art. VII, Sec. 14, which pertinently provides:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This constitutional provision was examined by the Supreme Court in Cityof Port Allen v. Louisiana Municipal Risk Agency, Inc., 439 So.2d 399
(La. 1983). In City of Port Allen, the Court stated that Art. VII, Sec. 14(A), which prohibits the state and its political subdivisions from donating assets, "is violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so."
This office has written a number of opinions pertaining to employee compensation and has consistently opined that payments of gratuitous unearned payments to public employees are prohibited, as same are tantamount to donations. See: Attorney General's Opinions. Nos. 95-95, 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329 and 80-806. Copies of these opinions are included herewith for your reference. Of particular pertinence to your request is Attorney General's Opinion No. 95-95. Therein, in accordance with La. Const. Art. VII, Sec 14, this office determined that the payment of wages to a school board employee whose worker's compensation and whose annual leave and sick leave had been exhausted was in violation of the Louisiana Constitution. Additionally, we note that various attempts to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the listed opinions were found to be constitutionally infirm.
We find support for the cited opinions in State v. Davis, 539 So.2d 803
(La.App. 3rd Cir. 1989), Writ Denied. Therein, in determining whether particular payments made to a public officer were in violation of the Constitution, the Court stated:
 "We are presented with a factual determination: were the two payments which defendant paid to himself extra compensation for past services rendered or salaries for services rendered but for which no salary was drawn when the services were rendered?"
Essentially, in accordance with the above cited opinions and the Davis
case, the test for determining the constitutionality of a particular payment to a public officer or employee is whether the payment is made out of a motive of beneficence solely to enrich the officer or employee, or whether the payment is deserved and made as recompense for valuable service rendered, for which the officer or employee was not adequately paid. Atty. Gen. Op. No. 95-323.
It is the opinion of this office that the St. Martin Parish Council On Aging cannot retroactively increase the rate at which its employee(s) earn leave time. Based upon the facts as you have described them, it appears that the Council On Aging's motivation in doing so is to assist its Director (and perhaps other employees in the process), out of a motive of beneficence, no doubt to assist the Director in overcoming setbacks caused by the illness that kept her from her job. As such, although it is clear that the Board of Directors of the Council on Aging considers its Director to be an asset and a person deserving of assistance, allowing the accrual of retroactive increased leave time and payment thereof would violate La. Const. Art. VII, Sec. 14. Davis, supra.
Please note that we agree with your advice to the St. Martin Parish Council On Aging that the payment of wages to an employee beyond their accrued leave time is a violation of La. Const. Art. VII, Sec. 14. Additionally, we agree that the best way to resolve the matter at hand would be for the Director to reimburse her employer in a lump sum. We recognize, however, that payment of that large a sum of money at one time would be difficult, if not impossible, for many individuals. As such, we believe the Council On Aging and its Director have no choice but to work out a payment plan. Although a payment plan, in our opinion constitutes a loan, which is also in violation of La. Const. Art. VII, Sec. 14, it is likely the only way to insure that the funds that were improperly paid to the Director are recovered. It would be our advice that the Board of Directors of the Council On Aging strives to recover those funds fairly, but as quickly as possible, in order to do the least injustice to the Constitution.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance to you or to any of this state's Councils On Aging in the future.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dam
OPINION NUMBER 95-95
APRIL 7, 1995
96 — SCHOOLS AND SCHOOL DISTRICTS — Administration, Government and Officers 100 — SCHOOLS AND SCHOOL DISTRICTS — Teachers, Principals and Superintendent, Sabbatical Leave, Extracurricular Activities, Students 101 — SCHOOLS AND SCHOOL DISTRICTS — Bus Drivers, Custodians, Cafeteria Workers 103 — SCHOOLS AND SCHOOL DISTRICTS — Pension Benefits, Teachers' Retirement System 173-A — WORKER'S COMPENSATION
LSA-R.S. 23:1221 (1) LSA-R.S. 23:1221 (1)(a) LSA-R.S. 23:1221 (1)(d) LSA-R.S. 17:1205
LSA-R.S. 17:1201
LSA-R.S. 23:1031
LSA-R.S. 12:1201 D(1) LSA-R.S. 23:1206
Louisiana Constitution of 1974 Article VII Section 14 (a)
Summary:
1) The payment of wages to an employee whose workers' compensation has been terminated and whose annual leave and sick leave has been exhausted constitutes a violation of Article VII Section 14 (a) of the Louisiana Constitution of 1974.
2) a. Pursuant to LSA-R.S. 17:1205, a school employee is entitled to collect both sick leave benefits and workers' compensation benefits, where applicable, regardless of whether the combined sum exceeds his or her regular salary.
b. Pursuant to LSA-R.S. 17:1201, a teacher is limited in using booth sick leave benefits and workers' compensation benefits to the extent that such benefits cannot exceed the total amount of the regular salary of the teacher.
c. An insurer is entitled to credit for wages paid by an employer against workers' compensation paid by an insurer when the wages are unearned.
Mr. Larry S. Bossier Assistant District Attorney 18th Judicial District Court Pointe Coupee Parish P.O. Box 754 New Roads, LA 70760
Dear Mr. Bossier:
I am in receipt of your opinion request wherein you request an opinion in reference to an employee who was receiving workers' compensation benefits that were subsequently terminated. You have indicated the following factual situation:
 On September 20, 1991, a clerical worker for the school board had an alleged injury while working for the school board. The employee's workers compensation benefits were terminated on April 21, 1993 due to the fact that a position was available to which the employee could return and the claims adjuster's physician released the claimant to return to work as a bookkeeper on February 17, 1993. The claimant appealed the termination of benefits and never returned to work. The hearing was scheduled for March 19, 1994. The school board voted to pay the employee for full wages and made it retroactive to July 23, 1993, the beginning of the fiscal year. The school board allowed the employee to continue participation in both the Louisiana Teacher's Retirement Program and Group Health Insurance Program.
You also indicated on the phone that the termination of the employee's benefits was affirmed at the hearing in March of 1994. Based on this information, in your first question you ask whether the School Board is in violation for continuing to pay this employee when she had no available leave or workers' compensation
Also, you ask whether it is legal for this employee to continue participating in employee benefits program.
Pursuant to LSA-R.S. 23:1221 (1), workers' compensation shall be paid for a temporary total injury:
 (a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
This statute also provides that:
 (d) An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required, or six months after the injury, whichever first occurs. If the claimant contends that his disability is of a temporary nature, but extends beyond this six-month period, he must submit a claim for extension of the period of temporary total disability under. (Emphasis added).
In the present case, you have indicated that the claim's adjuster's physician released this employee to return to work on February 17, 1993. Also, the employee's workers' compensation benefits were terminated on April 21, 1993 due to the fact that a position was available to which the employee could return but failed to do so. As indicated in R.S. 23:1221
(1) (d), an award of benefits shall cease when the physical condition of the employee has resolved itself to the point that regular treatments of a physician are not required. Since the benefits had been terminated in this instance, the school board would have had to have some other basis whether statutory or contractual, in order to legitimate their continued action of paying this employee without available leave or workers' compensation.
The Louisiana Constitution of 1974 Article VII Section 14 (a) prohibits the gratuitous donation of public funds. The cases that exist interpreting this constitutional provision hold that this section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. (SeeBeaird-Poulan, Inc. v. Louisiana Department of Highways, 362 F. Supp. 547
(W.D. La 1973) and City of Port Allen v. Louisiana Risk Management.Inc., et al, 439 So.2d 399, 401 (La. 1983).
In Attorney General Opinion 86-852, the Director of Public Works questioned the payment of wages to employees for forty hours when the time cards did not indicate that the employees had worked forty hours. This office opined that the payment of funds as wages for hours which had not been earned would be a donation of public funds and a violation of Article VII, Section 14 of the Louisiana Constitution.
In Opinion Number 90-358, the author of the opinion further clarified what would constitute lawful compensation for labor or services. He stated:
 Louisiana Constitution Article VII, Section 14 (1974) prohibits the donation of public funds, but does not prohibit the lawfully authorized payment of compensation for labor or services provided in the course of employee. The employee benefits of annual leave, sick leave, and a reasonable severance pay in this context are not considered donations to the extent they are fulfillments of implied or express conditions of the employment contract. However, to serve a public purpose and provide a public benefit such benefits must be reasonable. There must be some congruity with the nature of the services rendered and some uniformity with the same type of benefits accorded other employees.
As discussed by the author of the opinion, the Attorney General in a long series of opinions has interpreted the constitutional prohibition of Article VII Section 14 to require a three-fold predicate for the lawful expenditure of public funds which is not donative. First, the political subdivision must have either a legal obligation or delegated authority to do so. The second and third requirements for a non-gratuitous alienation of public funds are that it be for a public purpose and that it create a public benefit proportionate to the value of the public property or funds alienated or transferred. Therefore, the Attorney General's three-point analyses of Article VII, Section 14 questions legal obligation, public benefit and proportionality.
According to your opinion request and a telephone conversation with Lynn David, Business Manager at Point Coupee Parish School Board, it is understood that the School Board does not have a written or unwritten policy to allow an employee to continue receiving wages when the employee's workers' compensation benefits have been terminated and the employee has appealed. Also, there is no constitutional obligation to pay such wages and no public purpose in doing so. Since payment of these wages fails the three-prong test as discussed above, the payment of such wages would be in contravention to Article VII, Section 14 of the Louisiana Constitution of 1974.
Next, you ask whether State Claims Adjuster, Inc., or any other agency, is legally allowed to take a credit against wages paid to the employee by the School Board? You also ask our office to clarify Attorney General Opinion 90-188 and state exactly what a school employee is allowed in sick leave benefits and workers' compensation benefits as well as benefits for a teacher.
In Attorney General Opinion 90-188 the requestor asks whether school employees as defined by LSA-R.S. 17:1205 are entitled to collect both sick leave benefits and workers' compensation benefits and if so, are they limited to the collection of combined benefits only up to an amount equal to their regular salary? The author of the opinion, Charles Yeager, stated that school employees may receive both workers' compensation benefits, where applicable, and sick leave benefits, regardless of whether the combined sum exceeds their regular salary. The author notes that since this is not prohibited by legislation, it is permitted.
However, as discussed by Mr. Yeager, LSA-R.S. 17:1201 which pertains to teachers, does not authorize the collection of combined benefits. It limits the sick leave benefits which may be used concurrently when workers' compensation benefits may also be collected. As indicated by Mr. Yeager, a teacher is entitled to workers' compensation benefits pursuant to LSA-R.S. 23:1031 et seq., regardless of LSA-R.S. 17:1201. Specifically, LSA-R.S. 17:1201 D (1) states that ". . . in no event shall such benefits exceed the total amount of the regular salary the member of the teaching staff was receiving at the time the injury or disability occurred . . ." As indicated in Attorney General Opinion 92-39, Opinion Number 90-188 is still the opinion of this office.
Also, you ask whether State Claims Adjusters, Inc., or any other agency, is legally allowed to take a credit against wages paid to a employee by the School Board? You have attached a letter from State Claims Adjusters wherein a school bus driver was receiving wages and workers' compensation. It appears that she was taking either sick leave or annual leave at the same time she was receiving workers' compensation. The wages the school board was paying her was her salary minus the cost of a substitute driver. State Claims Adjusters is taking a credit for the difference she is being paid in wages by the School Board and the amount that State Claims is paying her in workers' compensation.
LSA-R.S. 23:1206 states the following in reference to deductions that can be made by an employer or can insurer:
 Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made a compensation.
In Basco v. State of Louisiana Department of Corrections, 335 So.2d 457
(1st Cir. 1976), the court held the following:
 It is well settled that an employer and his insurer are not entitled to credit, for wages paid against compensation due unless the wages are unearned and may therefore said to be in lieu of compensation. If wages are earned in a different class of employment, the employee is entitled to both wages and compensation. Whether or not wages are earned is a factual determination to be made in the light of the circumstances of each individual case. Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377.
In Basco a state employee, after being disabled from performing his job as a prison farm supervisor, worked for and earned wages paid him as prison guard during a particular time period. The court held that state and its workers' compensation insurer were not entitled to credit against compensation due for such period on the grounds that the employee's earned wages were being paid in lieu of compensation.
In, Keys v. Rockwood Insurance Company, 502 So.2d 223, (3rd Cir. 1987), defendant's employer and insurer contended that they were entitled to an offset of any compensation paid by the employer or any amounts earned by plaintiff from the time of the accident to the date of trial. The court stated that it is well settled that an employee and his insurer are not entitled to credit for wages paid against compensation due unless the wages are unearned and may therefore be said to be in lieu of compensation. The court held that the defendants were entitled to a credit for the amount of unearned compensation previously paid.
In the present case, since plaintiff was paid wages for a time period in which she did not work, the wages should be classified as unearned and State Claims Adjusters should have had a right to take a credit for the monies the School Board paid to plaintiff.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ________________ Beth Conrad Langston Assistant Attorney General
OPINION NUMBER 92-295
RELEASED MAY 12, 1992
90-A-1 Public Funds or Contracts CONST 7.14
Incentive pay plan may be sued to regard extraordinary individual job performance, but not as a bonus to employees for overall financial performance of hospital.
Mr. Bernard F. Duhon Bernard F. Duhon, LTD. P.O. Box 59 111 Concord St. Suite B Abbeville, LA 70511-0059
Dear Mr. Duhon:
You have requested the opinion of this office as to whether an incentive pay plan for Abbeville General Hospital employees, providing for a bonus of a fixed percentage of their salary and based upon the hospital's overall financial performance at a pre-determined level, is constitutional under Louisiana Constitution Article VII, Section 14 and La.R.S. 33:1891.
Article VII, Section 14 provides in part:
 (a) Except as provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public, or private.
Your request also sought review of La.R.S. 33:1892, however this statute is applicable to municipalities only and therefore is not relevant to compensation paid by hospital service districts to their employees.
In response to a similar opinion request, Opinion Number 89-112 opined that an incentive pay plan could pass constitutional muster if the incentive pay was awarded for employee achievements beyond the scope of ordinary duties. However, Opinion Number 89-328 opined, "If the bonuses are simply spontaneous payments for past performance, they are unconstitutional donations of public funds."
The information you have provided to us on the incentive pay plan proposed for Abbeville General does not appear to meet constitutional criteria, since it is the Hospital's overall financial performance rather than the individual employee's extraordinary effort which is the determinant of extra pay.
Still, it does appear that an acceptable incentive pay plan can be fashioned taking into consideration the criteria suggested above.
I trust that this answers your inquiry. Please advise if we can be of further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:251
OPINION NUMBER 92-282
RELEASED APRIL 21, 1992
90-A-2 PUBLIC FUNDS — 100 School School Districts-Teachers, Principals Superintendent, Sabbatical Leave, extracurricular activities, Students La. Const. (1974), Art. VII, Sect. 14(A) Atty. Gen. Op. Nos. 76-906, 87-768, 89-190, 89-328 and 89-411
A monetary award given to a teacher for perfect attendance during the school year would be an unconstitutional donation of public funds, a violation of Article VII, Section 14 of the Louisiana Constitution (1974) since it is extra compensation for services rendered in the past.
Mr. Ted Cason Superintendent Tangipahoa Parish School System Post Office Box 457 Amite, Louisiana 70422
Dear Mr. Cason:
You have requested an Attorney General's opinion as to whether or not a teacher may be given a monetary award for having perfect attendance for a given school year.
It is the opinion of our office that this type of award would be considered a bonus. The loaning, pledging, or donating the funds of the state or political subdivisions is prohibited by Article VII, Section14(A) of the Louisiana Constitution (1974). Article VII, Section 14(A) states:
 Prohibited uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
In McElveen v. Callahan, 309 So.2d 379 (La.App. 3rd Cir. 1975), the court held:
 The payment of bonuses to public employees is illegal, whether paid directly as such or disguised as payment for extra duties or overtime. Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered. (Underlining is own our emphasis).
The type of award that you have proposed would clearly be extra compensation for past services rendered. This office has consistently held that such bonuses or incentive plans are in contravention of Article VII, Section 14 of our Constitution. (See Attorney General Opinion Numbers 76-906, 87-768, 89-190, 89-328, 89-411).
In Opinion Number 87-318, we reviewed a proposed "incentive pay plan" that would pay employees if they did not use sick or personal leave and stated that such a plan would be violative of Article VII, Section 14(A) as it would be an illegal donation. In that opinion we discussed a case that is on point with your question. In Louisiana Association of Educators v. Concordia Parish School Board, 441 So.2d 9 (La.App. 3rd Cir. 1983) the trial court upheld the constitutionality of an incentive pay plan that provided for payment to teachers of $40.00 per day for each day of sick leave not used and a $100.00 "bonus" for perfect attendance. The Court of Appeal dismissed the appeal holding that the issue was moot because there was no evidence of an intention to implement the plan in the future. But as stated in Attorney General Opinion Number 87-318, it stands that "this office in citing this case does not intend to express its concurrence in the result."
In conclusion, it is the opinion of this office that a monetary award given to a teacher for perfect attendance during the school year would be an unconstitutional donation of public funds since it is extra compensation for services rendered in the past.
I trust that this answers your inquiry. If, we can be of any further assistance please contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0644l
OPINION NUMBER 89-190
April 13, 1989
90-A-2 — PUBLIC FUNDS — Loan, Pledge or Grants
Art. VIZ. S14 of La. Constitution
Retroactive pay raises to school employees are unconstitutional gratuities.
Mr. Elwyn Bocz Area Supervisor — Administration K. P. Poirrier, Ed.D. Superintendent St. James Parish School Board Lutcher, Louisiana 70071
Dear Mr. Bocz and Dr. Poirrier:
You have requested an opinion as to whether or not the St. James Parish School Board can give a retroactive pay raise to its employees. In our opinion it is well-settled legally that such a retroactive pay-raise is a gratuity which violates Art. VII, S14 of the Louisiana Constitution of 1974.
Art. VII, § 14A of the Constitution prohibits the gratuitous alienation of public property, funds or things. The courts and the Attorney General in opinions have found that prospective compensation for future services in the form of bonuses, incentives or pay raises are not gratuitous :u2 therefore do not violate this provision of the Constitution. Opinions Atty. Gen., No. 76-906; No. 89-112.
Retroactive compensation has not passed this constitutional test. Interpreting the nearly identical constitutional prohibition of the 1921 Constitution, the Third Circuit Court of Appeal ruled: "Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered." McElveen v. Callahan,309 So.2d 379 (La.App. 3rd Cir. 1975). In our opinion this interpretation remains correct of the correlative provision in Art. VII, S14A of the Louisiana Constitution (1974).
Accordingly, the retroactive pay raises proposed in your opinion request are unconstitutional.
Trusting this to be of sufficient information. I am
Sincerely,
 WILLIAM J. GUSTED JR. Attorney General
 BY:__________________________ Charles J. Yeager Assistant Attorney General
CJY:tm
OPINION NUMBER 88-344
October 24, 1988
58 — Labor — Labor law, Unions La.C.C.P. Art. 7. Sec. 14 (1974)
Retroactive compensation to city employees for services previously compensated by the city is prohibited by Art. 7. Sec. 14. of the 1974 Louisiana Constitution.
Mr. Robert L. Simpson City Attorney City of Harahan 6437 Jefferson Highway Harahan, Louisiana 70123
Dear Mr. Simpson:
A joint request for an Attorney General's opinion has been made by you and Harahan Police Chief, John Doyle. The issue is whether the Harahan Board of Aldermen may, in 1988, compensate three (3) city employees for work performed by the employees in 1987. It is the opinion of this office that retroactive compensation to city employees for services previously compensated by the city is prohibited by Article 7, Sec. 14 of the 1974 Louisiana Constitution.
According to the facts presented to this office three (3) city employees worked 30 hours a week prior to 1987. In 1987, a new mayor increased the work hours of these employees to 35 hours per week. These employees received no increase in salary for the additional work hours. Two (2) other city employees hired in 1987 by the new mayor were also required to work 35 hours per week at the compensation rate paid prior to 1987 for 30 hours per week. In 1988 the mayor resigned. His successor reduced the affected employees' work week to 30 hours per week. There was no change in the compensation. Later, in 1988 the Harahan Board of Aldermen voted to authorize payment of additional compensation to pay for the extra five hours per week worked by the employees. The additional compensation was determined by multiplying the number of additional hours by a rate per hour.
Article 7, Sec. 14 provides in part:
 "(A) Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
The legality of retroactive compensation to public employees was reviewed by the courts in McElveen vs. Callahan, 309 So.2d 379 (C.A. 3, 1975); Writ denied 313 So.2d 602 (La., 1975). The McElveen v. Callahan
case involved retroactive payment by a local marshal to three (3) of his employees. The compensation was given for performing extra duties and working overtime. The Court of Appeals, citing Opinions of the Attorney General, held that:
 "The payment of bonuses to public employees is illegal, whether paid directly as such or disguised as payment for extra duties or overtime. Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered . . ."
Public officials have the discretion to set the number of hours per week that public employees must work. Absent any agreement with the employees no overtime or extra compensation must be paid if the number of work hours per week do not exceed 40 hours per week. In the present situation, the three (3) city employees were required to work 35 hours a week in 1987, rather than 30 hours per week for the same compensation. The decision of the previous mayor to increase the number of work hours without increasing compensation was one he was authorized to make. Since the employees have received compensation for the hours they worked in 1987 they cannot receive any additional compensation.
This office has consistently ruled that retroactive pay for services previously rendered and compensated violates Art. 7, Sect. 14 of the Constitution. See Op.Atty.Gen, #80-806 and #86-639, copies of which are attached to this opinion. In conclusion, the Harahan Board of Aldermen is prohibited by the Constitution from giving extra compensation to the three (3) city employees for work they were compensated for by their 1987 salary.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
JMM:rmh
cc: John J. Doyle L. Gordon King
September 10, 1986
The Honorable William J. Guste, Jr. Attorney General State Capitol, P.O. Box 44005 Baton Rouge, LA 70804
Dear Mr. Guste:
The state auditor's office suggested that I request an opinion from you about the following matter.
On December 12, 1985, the Library Board of Control voted to accept the proposed salary schedule "contingent upon money currently being reserved for legal fees." That money has now been released, since we did not have to pay any legal fees. My question is whether the raises can be paid retroactive to the date of the board acceptance of the salary schedule. Had the legal issues been resolved in a timely manner, the staff would have received the raises in January, as was the Board's intent. Due to problems with the bonding company, etc., the raises were delayed much longer than anyone expected.
I appreciate your help and look forward to your response.
Yours truly,
 Linda Bennett Director
OPINION NUMBER 83-940 A
December 29, 1983
90-A-2 PUBLIC FUNDS — LOANS, PLEDGES, GRANTS 110 STATE — SURPLUS PROPERTY
Clarifies Op.Atty.Gen. 83-940. Although incentive awards to employees are generally improper, employees may receive merit awards in accordance with R.S. 33:1891-94 for unusual and meritorious suggestions, actions, etc. Op.Atty.Gen. 83-940 R.S. 33:1891 et seq.; R.S. 33:1892 1974 La. Const. Art. VII, S14
Honorable Rose Marie Johnson Town Clerk Town of Basile P.O. Box 308 Basile, La. 70515
Dear Clerk Johnson:
This opinion is issued as a corollary to our Opinion No. 83-940. That opinion stated that safety awards in the form of work clothes and other work related material may not be given as incentives to employees. Incentives are improper where they are given in the mere hope that valuable service will result, as well as when they serve as extra
compensation for services previously performed.
A municipality may, however, grant merit awards to full-time permanent employees by following R.S. 33:1891 et seq. Merit awards are distinguishable from incentive awards, as they reward unusual and meritorious suggestions, actions, procedures and accomplishments by employees which promote economy and efficiency in the performance of any function of the municipal government. See R.S. 33:1892. Otherwise stated, merit awards as contemplated by R.S. 33:1891 et seq. are those given in return for special benefits that the municipality receives, or for performance not ordinarily expected or required by the employee. A case-by-case determination should be made.
Merit awards do not violate the 1974 La. Const. Art. VII, S14
prohibition against gifts as t and not as mere gratuities. hey are for services rendered
We hope that this amplification of the law will assist your community.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY:__________________________ MAUREEN J. FERAN Assistant Attorney General
MJF:cc
OPINION NUMBER 81-1329
January 6, 1982
94 Schools School Distrists — Administration, Government Office 100 Schools School Districts Teachers, Principals and Superintendents, Sabbatical Leave, extracurricular activities.
School board may not grant employees bonus for perfect attendance. Art. VII Section 14 Const.
Mr. Thomas Tate Director Louisiana Association of Educators Post Office Box 479 Baton Rouge, Louisiana 70821
Dear Mr. Tate:
In your letter of December 11, 1981, you requested an opinion regarding the validity of a parish school board's incentive pay plan. The plan proposes to compensate school board teachers and other employees for not using their statutorily alloted ten days of sick leave. You also asked if the funding for this plan was proper, being derived from a sales tax designed to benefit all employees.
Teachers and other school board employees receive an annual salary representing just compensation for services rendered. A teacher is to receive a certain amount of compensation for each working day. If a teacher is not absent, or if a teacher is absent up to ten days the amount of daily compensation is the same. To pay a teacher the amount to which she is entitled for 180 days of service plus an additional sum for perfect attendance would constitute a bonus.
In accordance with Article VII, Section 14 of the 1974 Louisiana Constitution, the funds of the state or any political subdivision shall not be loaned, pledged or donated to any person. Granting a bonus to teachers or other school board employees would constitute a prohibited donation of public funds.
In conclusion, it is the opinion of this office that a school board may not give its employees a bonus for perfect attendance. It is therefore unnecessary to address your second inquiry relative to the funding of such a program.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By CYNTHIA D. YOUNG Staff Attorney
CDY:jhg
OPINION NUMBER 80-806
July 16, 1980
90-A-2 . . . PUBLIC FUNDS-LOAN, PLEDGE, OR GRANTS 71 . . . 6 MUNICIPALITIES
Retroactive salary adjustment for services already compensated prohibited.
Art. VII S14, La. Const. of 1974
Mr. Glenn M. Weber Chief Administrative Officer Office of the Mayor Post Office Box 4017-C Lafayette, Louisiana 70502
Dear Mr. Weber:
In your letter of June 13, 1980 you requested an Opinion regarding retroactive salary adjustments for public officials. The adjustment is to be a reimbursement for departmental directors who received a less than average salary adjustment between November 1, 1979 and June 2, 1980.
Such a reimbursement would, in effect, be a lump sum payment for services previously compensated. Article VII, Section 14 of the 1974 Louisiana Constitution prohibits certain uses of public funds. Section 14 provides in part:
 "(A) Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
In McElveen v. Callahan, 309 So.2d 379, 381 (3rd Cir. 197Z), the court stated;
 "Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered."
In response to a similar request, Attorney General's Opinion No. 78-813 concluded, "A search of the applicable Louisiana law reveals no authority which would authorize a school board to grant retroactive pay raises."
In conclusion, retroactive pay raises for services previously rendered and compensated violates Article VII, Section 14 of the Constitution. The salary adjustments should relate only to future services.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: KENNETH C. DEJEAN ASSISTANT ATTORNEY GENERAL
KCD:lg